## THE EXCELSIOR DRAINING COMPANY *v.* BROWN.

PRACTICE.—*Joint Demurrer.*—A joint demurrer to several paragraphs of an
answer should be overruled, if any one of the paragraphs is good.

PLEADING.—*Denial of Existence of Corporation.*—To an action, brought in
what purports to be the name of a ditching corporation, to collect an assess-
ment of benefits, an answer properly verified, that at and before the commence-
ment of the suit there was no such corporation, is a good answer in bar.

COSTS.—Where a demurrer is erroneously sustained to a complaint, and the cause
is reversed on account of such error, and finally disposed of by a judgment for
the defendant, the costs made before the demurrer was sustained should be
taxed to the plaintiff.

From the Cass Circuit Court.

*H. C. Thornton*, for appellant.

*D. C. Justice*, for appellee.

PETTIT, J.—The appellant brought this suit against the
appellee, to recover an assessment of benefits on lands by the
construction of the ditch. This case has been here before,
38 Ind. 384, to which we refer for a full statement of the
cause as it then stood. The court below had sustained a
demurrer to the complaint. This court held that ruling erro-
neous, and reversed the judgment. When the case went
back for further proceedings, the defendant answered in seven
paragraphs; to the first, third, fourth, fifth, sixth, and seventh,
the plaintiff demurred jointly for want of sufficient facts.
Subsequently the defendant withdrew the sixth and seventh
paragraphs of the answer, and the demurrer was overruled to
the first, third, fourth, and fifth paragraphs, excepted to, and
this ruling is assigned for error. The demurrer being a
joint one to the first, third, fourth, and fifth paragraphs of
the answer, if any one of the paragraphs was good, the
demurrer was properly overruled, and we need not inquire
as to the sufficiency of the other paragraphs of the answer.
The first paragraph of the answer was in these words:

"For answer to plaintiff's complaint, the defendant says
that at and before the time of the institution of this suit,

there was no such corporation as the Excelsior Draining Company organized under the laws of the State of Indiana."

This was properly sworn to and verified by the oath of the defendant, and was a clear and full answer of *nul tiel corporation,* and was a bar to the action, if true.

It follows that there was no error in overruling the demurrer to the answer.

The counsel for the appellant, in his brief, confines his argument to the supposed insufficiency of the third paragraph of the answer, which may be termed a special answer of *nul tiel corporation.* We need not consider the sufficiency of this paragraph, for the reasons above given. The plaintiff refusing to reply to the paragraphs of the answer to which the demurrer had been overruled, a judgment was rendered for the defendant for costs since the reversal of the judgment by the Supreme Court, and for the plaintiff for all costs against the defendant up to the time of sustaining the demurrer to the complaint. The judgment for costs against the defendant was properly excepted to, and is assigned as a cross error.

The judgment for costs against the defendant up to the sustaining of the demurrer to the complaint was error. The defendant was liable for the costs in the court below, on the reversal of the case here, back to the commission of the error for which the cause was reversed, and not for costs made before that time.

The judgment against the appellant is affirmed, and the judgment against the appellee, for costs accrued before the sustaining of the demurrer to the complaint, is reversed, with instructions to order the costs made before the sustaining of the demurrer to the complaint to be taxed to the appellant; all of which is done at the costs of the appellant.