## H. B. NORTON v. PATSEY FRIEND.

TAX SALES; *The County as a Purchaser; Tax Deed, reciting an Illegal Sale, is void.* A certain tax deed recites, among other things, that at a certain tax sale held in Lyon county, May 6th, 1863, "the treasurer of the county of Lyon having offered to pay" for the land described in said tax deed, "the whole amount of the taxes, interest and costs then due and remaining unpaid on" said land, "and payment of said sum having been by Lyon county made to the said treasurer, the said property was stricken off to said county at that price," and there is nothing in said deed, nor in the evidence, that shows or tends to show that the land could not have been sold to some other person for said sum, provided the treasurer had not made his said offer. *Held,* that the said sale and the said deed are both void.

### *Error from Lyon District Court.*

EJECTMENT, brought by *Friend* to recover 320 acres of land. *Norton* was in possession, claiming title under a tax deed. This tax deed, and the material facts, will be found in the opinion, *infra.* The district court, at the March Term 1871, gave judgment in favor of the plaintiff, and *Norton* brings the case here.

*Almerin Gillett,* for plaintiff in error, contended that the tax deed was in proper form — the form prescribed by statute — was duly executed, witnessed, acknowledged, and certified, and should have been received in evidence.

*Ruggles & Plumb,* for defendant in error :

1. The objections to this deed are — first, that it shows the sale of two separate tracts of land together, "in lump." The land is described as "the northwest *quarter* of section No. 9, and the southwest *quarter* of section No. 9, all in township 20, range 12." These tracts join, and together form the west half of a section; but they are none the less *two separate tracts of land,* as described in the deed. Each description is that of a legal subdivision according to the U. S. survey; and if both were to be sold together as *one tract,* then the proper

description to indicate that union of the two tracts would have been "the west half of section No. 9," or "the northwest and southwest quarters of section 9." The use of the word "all," following the description of the last tract, shows that more than one tract was intended. Suppose the description had been of town lots, and said "Lot No. 63 on Congress street, and lot No. 65 on Congress street, all in the town of Emporia," both lots in fact joining — and even suppose both to have been assessed and rightfully to the same person — would there not be a clear indication that *two tracts* of land had been sold together? If the two quarters as above set out describe but a single tract, then an entire township or county might be lumped together and sold in the same manner. The statute requires a *separate* listing, taxing, and sale of each tract of land: General tax law, (ch. 107, Gen. Stat.,) §§ 11, 22, 23, 25, 30, 31, 33, 39, 42, 46. That a sale "in lump" avoids the deed, if shown on its face, see *Braidman v. Bonner*, 20 Iowa, 134; *Pitkin v. Yaw*, 13 Ill., 253; *Spellman v. Curtenius*, 12 Ill., 413. In the case of *Spellman v. Curtenius*, the land was assessed as "the S.W. & S.E. Sec. 9, T. 8N., R. 8E., 150 acres;" and the court held that such a description was that of a single tract of land — which presents quite a different case from the one here, as will be readily seen.

2. The deed recites the sale as having taken place "at the adjourned sale of the sale begun and publicly held on the first Tuesday of May," while there could not be in point of law an "adjourned" sale held in May, or at any other time. A *subsequent* sale to take place in September, was provided for, but this sale took place in May. If not the regular sale, then it could not be legally held, and that it was not, we here call the deed to witness.

3. The land was not sold or bought in the manner prescribed by law. The deed recites that the treasurer of Lyon county "*having offered to pay*," etc. The treasurer is not authorized as such to bid except upon certain conditions specified in the law, and is not authorized to "offer to pay"

anything whatever.   The deed further recites that *"payment of said sum* having been by Lyon county made to the said treasurer, the said property was stricken off to said county at that price." This is a transaction wholly unknown in the law; for in the only case in which lands can be bid off for the county, the county is not required to pay anything whatever to the treasurer. It looks as though the county was speculating in tax titles.

These recitals cannot be held to be evidence that the land could not be sold for the " amount of tax, penalty and charges thereon," and was therefore " bid off by the county treasurer for the county for such amount;" (§42, p. 867, Comp. Laws; §112, ch. 107, Gen. Stat.) The treasurer can only bid off for the county in the absence of other bidders, and the deed should show that there were no other bidders, and that in consequence of such lack of bidders the county treasurer had bid it off for the county for the amount of taxes, etc., then due.    These are conditions precedent, without which the treasurer has no authority in the premises, and as such they ought to be shown. 16 Wend., 554.

The county had no authority to enter the list as a competitor against private parties for the purchase of lands sold for taxes.   It is necessary that the deed should show that the land was duly sold, as the statutory form requires it.   In the case of sales to the county, the form must be "substantially" that prescribed in the case of sales to individuals; that is, it must show that the land was properly sold.   But even if the deed would be good if the treasurer had failed to make any mention whatever of the circumstances of the sale, yet as the deed sets out, first, what he did do, and that being illegal, how can the court strike all that out, and in its stead insert other and different words, or at least a legal presumption establishing an entirely different conclusion?

The statute provides that a deed substantially in the form therein stated shall be *prima facie* evidence of the regularity of the proceedings up to the execution of the deed.   Upon sound reason, and according to the authority of this court in

the case of *Bowman v. Cockrill,* (6 Kas., 311,) that means that
the form is to be varied according to the varying facts re-
quired to be recited, covering the same points, however; that
is, stating the various steps taken, and necessary to show the
authority to make a deed. Take the case under consideration:
In the case of a sale to a private party the statutory form re-
quires a statement that the land sold was the "least quantity
bid for." This is designed to secure competition in bidding,
to prevent combinations, and to protect the rights of the
owner by preventing a sacrifice of the whole of his estate
where a part only is necessary. So in the case of a sale to
a county, substantially the same averment must be made, to-
wit, "that the land was bid off by the county treasurer for
the county for the reason that it could not be sold for the
amount of the tax, penalty, and charges thereon." Such a
construction is in harmony not only with the language of the
statute, but also with the intent of the legislature in enact-
ing it.

4. The deed does not show a proper and legal assignment
of the certificate of sale.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment brought
by the defendant in error against plaintiff in error to recover
the possession of certain lands and tenements situate in Lyon
county. The defendant below (plaintiff here,) answered, ad-
mitting his possession of the premises in question, and deny-
ing title of plaintiff. On the trial plaintiff offered in evidence
a patent from the United States government to herself for the
land in controversy, and rested. The defendant then to main-
tain the issues on his part offered in evidence a tax deed, of
which the following is a copy:

"KNOW ALL MEN by these presents, that whereas, the fol-
lowing described real property, viz., the northwest quarter
of section No. nine, and the southwest quarter of section No.
nine, all in township No. twenty, of range No. twelve, situ-
ated in the county of Lyon, and state of Kansas, was subject
to taxation for the year 1862: And whereas, the taxes

assessed upon said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 6th day of May 1863, by virtue of authority in him vested by law, at adjourned sale of the sale begun and publicly held on the first Tuesday of May 1863, expose to public sale, at the county-seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described for the payment of the taxes, interest, and costs then due and unpaid on said property; and whereas, at the place aforesaid, the treasurer of the county of Lyon and state of Kansas, having offered to pay the sum of nine dollars and ten cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the N.W.$\frac{1}{4}$ and S.W.$\frac{1}{4}$ of section 9, township 20, range 12, which was the least quantity bid for; and payment of said sum having been by Lyon county made to the said treasurer, the said property was stricken off to said county at that price; and whereas, the said Lyon county did on the 4th day of August 1868, duly assign the certificate of the sale of the property as aforesaid, and all its right, title and interest to said property to H. B. Norton, of the county of Lyon and state of Kansas; and whereas, the subsequent taxes of the years 1863 and 1864, amounting to the sum of twenty dollars and sixty-two cents, have been paid by the purchaser as provided by law; and whereas, two years have elapsed since the date of said sale, and the said property has not been redeemed therefrom, as provided by law: Now therefore, I, J. L. WILLIAMS, county clerk of the county aforesaid, for and in consideration of the sum of ninety-one dollars and sixty-seven cents, taxes, costs and interest due on said land for the years 1862, 1863, and 1864, to the treasurer paid as aforesaid, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said H. B. Norton, his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him the said H. B. Norton, his heirs and assigns forever, subject however to all the rights of redemption provided by law.

In witness whereof I, J. L. Williams, county clerk as aforesaid, by virtue of the authority aforesaid, have hereunto

subscribed my name, and affixed the official seal of said county on this 4th day of August, 1868.

   [SEAL.]        J. L. WILLIAMS, County Clerk.

*Witness:* O. Y. Hart.

The execution of said deed was duly acknowledged and certified, and said deed was duly recorded.

The plaintiff below objected to the introduction of this deed on the ground that the same was irrelevant, incompetent, and immaterial, and showed on its face that it was void, which objection was sustained, to which ruling of the court the defendant excepted. The defendant offering no further testimony the court then proceeded to render judgment for plaintiff. Defendant then moved for a new trial upon the ground of error occurring at the trial and excepted to by him, and that the decision was not sustained by sufficient evidence, (expressly waiving his right to demand a second trial under statutue,) which motion was overruled, to which ruling defendant excepted.

The defendant in error (plaintiff below) now claims that the said tax deed is void for the following among other reasons: The deed shows upon its face that the land was not struck off to the county because it could not be sold to other bidders for the amount of the taxes, penalty and charges thereon, but that the county, through the county treasurer, entered the list as a competitive bidder, made the first bid on the land, offering itself to pay for the land the amount of the taxes, penalty and charges thereon, and thereby prevented others from making that bid, or indeed from making any bid as advantageous to themselves as that bid would have been, and thereby the county got the land. This claim seems to be true; and if true, it will invalidate the deed. The statute provides, that "If any parcel of land cannot be sold for the amount of tax, penalty and charges thereon, it shall be bid off by the county treasurer for the county for such amount." (Comp. Laws of 1862, p. 867, § 42; Laws of 1866, p. 277, § 72; Gen. Stat., p. 1047, § 88.) And this is the only law that authorizes county treasurers to bid off

lands at tax sales for the county, and this law does not authorize the county treasurer to offer to pay anything for the land, and the county is not required to pay anything therefor when the land is so struck off to the county. The deed however recites in this case that "The treasurer of the county of Lyon, * * * having offered to pay" for said land said "amount of taxes, interest and costs then due and remaining unpaid on" said land, "and payment of said sum having been by Lyon county made to said treasurer, the said property was stricken off to said county at that price." There is nothing in the deed nor in the evidence that shows or tends to show that the land could not have been sold to some other person for the same price, provided the treasurer had not made his said bid or offer. Hence we think that said sale, and the tax deed founded thereon, are both void. The statute does not authorize counties or county treasurers to enter the lists as competitive bidders; nor does the law authorize counties or county treasurers to bid at all at tax sales unless the land cannot be sold to other bidders for the amount of the taxes, penalty and costs then due thereon. Before a county or a county treasurer can bid at all the treasurer must wait until all others have failed or refused to bid on the land the required amount. This does not seem to have been done in the present case. A tax deed should follow the form given by statute only so far as it can do so truthfully, and where it cannot do so truthfully it should state the facts as they really exist. The form given by statute is for tax deeds for land sold at tax sales to individuals. And when this form is used for a tax deed for land sold to a county, the form of the deed should be so modified as to correspond with the law and the facts of the case.

The judgment of the court below is affirmed.

All the Justices concurring.