Bryson v. Spaulding.

---

VIRTULAN C. BRYSON v. E. SPAULDING, *as County Clerk, &c.*

1. TAX DEED; MANDAMUS; *County Clerk may be Compelled to Execute Deed.* Where a tax deed has been issued which is void upon its face, as showing the county to have been a competitive bidder and the purchaser at the tax sale, the party entitled may, if the sale was in fact valid, and that fact is apparent from the record of tax sales and the sale-certificate, compel by mandamus the issue of a valid tax deed. (*Clippinger v. Fuller*, 10 Kas. 377.)

2. ———— Before the mandamus will lie, the county clerk must, after demand therefor, have refused to execute such deed.

3. ———— *Invalid Sales; Correcting Records.* Where the record of tax sales and the sale-certificate show upon their face a sale not made in accordance with law, the county clerk is concluded by the recitals therein, and is not at liberty to take parol testimony as to the actual facts of the sale. Such record and sale-certificate must be corrected by appropriate proceedings, before mandamus will lie to compel him to issue a valid tax deed.

### Original Proceedings in Mandamus.

AN alternative writ of mandamus was issued upon a petition therefor filed by *Bryson*, to compel *Spaulding*, as county clerk of Osage county, to issue a tax deed on a certain tax-sale certificate. *Spaulding* appeared, and answered the alternative writ, showing cause for his refusal to issue the deed demanded by plaintiff. The facts are fully stated in the opinion of the court.

*Barker & Allen*, for plaintiff.

*M. H. Case*, for defendant.

The opinion of the court was delivered by

BREWER, J.: This is an original proceeding in this court, to compel the issue of a tax deed. The facts are these: A certain tract of land in Osage county was sold to the county for the taxes of 1866. In May 1872, Cole and Waterman took an assignment from the county. Subsequently a deed was issued, which upon its face was void under the authority of *Norton v. Friend*, 13 Kas. 532, as showing the county a competitive bidder. Thereupon, the plaintiff, who succeeded to the rights of Cole and Waterman, brought this proceeding to compel the issue of a deed valid upon its face.

There are two questions in the case—one, whether the ·plaintiff was entitled to any different deed than the one already issued; and the other, whether defendant has refused, after proper demand, to issue a valid deed. The facts are these: The sale-book simply shows a sale to Osage county, giving amount and date of sale, but throwing no light on the manner of sale other than that which arises from the presumption that the county officials did their duty in making the sale. The sale-certificate certifies, "that the county treasurer of said county did at public auction, pursuant to notice given as by law required, at his office, in Burlingame, in said county, on the 6th day of May 1867, sell to said Osage county, according to law, the following-described real estate, * * * for the sum of $8.23, said sum being the amount of taxes and charges due and unpaid on said real estate for the year," etc. The county treasurer, whose deposition was taken and filed, testifies that the land was duly put up for sale, and for want of bidders was struck off to the county.

As to the defendant's refusal, it appears that a deed was tendered him for execution, which recited in full the facts concerning the sale as now testified to by the treasurer. This he refused to execute. The testimony is conflicting as to any further refusal. The plaintiff evidently understood him to refuse to execute any deed, while his testimony is positive that, while he refused to execute the deed tendered him, he

offered to execute a deed which should contain simply the recitals of the sale-certificate, and that the plaintiff refused to accept that, saying that "it would be no better than the one already issued." Upon this we remark, that with the treasurer's testimony it is apparent that a valid sale was made, and that therefore a valid certificate and deed ought to have been issued. Without such testimony the fact is to say the least doubtful. The sale-certificate shows that the treasurer sold at public auction. This implies bids, competition. True, it says he sold "according to law;" and the law provided that if the land could not be sold for the amount of taxes and charges thereon, the treasurer should bid it off for the county for that amount. The sale to the county is one really for lack of bidders, and after failure to sell at public auction. So that the statement of fact makes against the validity of the sale, while the legal opinion is in favor of its validity.

We remark further, that when an officer is called upon to execute a deed, he is to take the record as he finds it, and may not act upon the statements of parties no longer officers, as to the facts of a sale made by them when officers. If the record be not correct, parties interested must have it corrected by appropriate proceedings. Again, where the record leaves it doubtful whether a valid sale was in fact made, and that doubt can be solved only by parol testimony, a bill in equity is a more appropriate remedy than a writ of mandamus. And finally, it is evident to us that there was a misunderstanding between the parties as to what the defendant would, and what he would not, do. The plaintiff evidently thought there was a refusal to execute any deed, while the defendant as evidently intended to be understood as refusing only to execute the deed tendered.

Upon other questions arising in this case, the members of the court are not agreed, and therefore no opinion can be expressed. A majority of the court are of the opinion that substantial justice requires, and that under the peculiar facts of this case the proper order should be, that if plaintiff within

twenty days shall file with the clerk of this court a written waiver of all claim for costs, then the defendant should be ordered to execute in his name as county clerk a tax deed with full recitals of a valid sale; and that if plaintiff shall fail to file such waiver, judgment should then be entered in favor of the defendant for costs.

All the Justices concurring.