STATEMENT OF THE CASE.
This is an action brought by the defendant in error against the plaintiff in error in the district court of the first judicial district, in the county of Logan and Territory of Oklahoma, for the recovery of certain real estate described in her certain petition, filed in said court February 3, 1898, which petition is in words and figures as follows, to-wit:
"In the district court, first judicial district, Territory of Oklahoma, in and for Logan county.
"Nellie M. Hamil, plaintiff, v. D. V. Hanenkratt, defendant.
 PETITION.
"The above named plaintiff, Nellie M. Hamil, for cause of action against the above named defendant, D. V. Hanenkratt, states; that said plaintiff is and was on the 23rd day of November, 1897, and prior thereto, the owner in fee simple of the following described real property situated in Logan county, Oklahoma Territory, to-wit: Lot number (23) twenty-three, in block number fifty-five (55) in the city of Guthrie, and in that part of said city commonly known as Guthrie proper, same being part and parcel of the east one half of section eight in township sixteen, north of range two west of the Indian Meridian. That said defendant now is, and ever since the 23rd day of November, 1897, has been, wrongfully in possession of said real property, and to the exclusion of plaintiff. That said defendant is so in possession of said property and claiming to be the owner thereof adversely to this plaintiff, under and by virtue of a certain written instrument purporting to have been executed by Ferdinand Ritterbusch as treasurer of said county, on behalf of said Territory of Oklahoma, and purporting to convey said property unto the said defendant. That a true and certified copy of said written instrument together with all endorsements *Page 221 
thereon is hereto attached and made a part hereof, and marked exhibit 'A.' That said instrument purports to be a tax deed. That said instrument is illegal and void, and of no effect, and conveys unto said defendant no right, title or interest in or to said property. That said deed is void for that said property was never advertised for sale for taxes, as in said deed recited. That the pretended published notice of sale under which said property was offered for sale, contained no description of said property. That said pretended published notice of sale does not state the property advertised for sale is in either the city of Guthrie, or in Logan county, or in the Territory of Oklahoma. That the amount of taxes, if any, due on said lot at the time of publication of said pretended notice is not stated therein or thereby. That said written instrument is void on its face and of no legal effect and conveys no right, title or interest in or to said property to the said defendant in that: said written instrument recites that said property was sold 'at the door of the court house in said county;' said instrument does not recite that said property was offered for sale and sold at the treasurer's office. Said instrument recites that said property was sold to the county of Logan at public auction and fails to recite that there were as said sale no other bidders for said property, and does not recite that said property was bid in by the treasurer of said county or any person authorized so to do or qualified to make such purchase. That said instrument is recorded in the office of the register of deeds of said county in book 1, on page 43, and is a cloud upon the title of this plaintiff.
"That heretofore, on, to-wit: the 20th day of December, 1897, plaintiff, by and through her lawfully and duly authorized agent tendered to said defendant the sum of one hundred and sixty-five dollars ($165.00) in good and lawful money of the United States, and demanded of said defendant that said defendant quitclaim said property to plaintiff. That said sum so tendered *Page 222 
is the full and total amount of all taxes, penalties, fees, costs, interest and charges chargeable against said property by defendant paid, out and expended on that account and interest thereon, together with a certain sum claimed to have been paid out and expended by defendant in repairs on said property and improvements. That said defendant then and there refused to accept said money and to execute said deed. That at all times since plaintiff has been ready and willing to pay said sum and now offers to pay same, or such sum as the court shall deter. mine to be the true and just amount into the court for the use and benefit of defendant on such account.
"Second cause of action.
"That plaintiff is and was on the 23rd day of November, 1897, and prior thereto, the owner in fee simple and entitled to the possession of the following described real property situated in Logan county, Oklahoma Territory, to-wit:
"Lot number 23 in block number fifty-five (55) in the city of Guthrie, and in that part of said city commonly known as Guthrie proper, same being part and parcel of the east one half of section eight in township sixteen north of range two west of the Indian Meridian.
"That said defendant is now, and ever since the 23rd day of November, 1897, has been wrongfully and unlawfully in possession of same to the exclusion of this plaintiff and without consent of plaintiff.
"That said real property with the improvements thereon is of the reasonable value of twenty dollars per month. That by reason of said defendants said wrongful and unlawful possession plaintiff has been damaged in a great sum to-wit, the sum of $500.
"Wherefore plaintiff asks that it be adjudged and decreed by the court that said written instrument purporting to convey title to said property to said defendant is null and void and of no legal effect; that the same be cancelled of record; that defendant be estopped from claiming *Page 223 
or asserting any right, title or interest in or to said property, thereunder, and that plaintiff's title in and to said property be forever quieted as against any and all claims of defendant therein or thereto.
"Plaintiff also asks judgment against defendant for possession of said property and the sum of five hundred dollars ($500.00) as damages for the use of said property for costs of this action, and all other proper relief.
"Signed, H. S. CUNNINGHAM and FRED ELKIN, Attorneys for plaintiff."
To which petition the defendant on the 28th of February, 1898, filed a demurrer, which demurrer is in words and figures as follows:
"In the district court of Logan county, Oklahoma Territory.
"Nellie M. Hamil, plaintiff, v. D. V. Hanenkratt, defendant.
 DEMURRER.
"Comes now said defendant and demurs to the petition filed in the above cause for that the same does not state facts sufficient to constitute a cause of action in favor of said plaintiff, and against said defendant.
"D. V. HANENKRATT.
"H. M. ADAMS, his attorney."
Endorsed on back as follows: 2493, Hamil v. Hanenkratt.
 DEMURRER.
"Filed February 28th, 1898.
"Louis E. PITTS, Clerk dist. court.
"H. M. ADAMS."
Which demurrer was on the 6th day of April, 1898, by the court overruled, to which ruling of the court the defendant excepted. *Page 224 
Afterwards, to-wit, on the 12th day of September, 1898, the defendant filed his answer, which is in words and figures as follows:
"Territory of Oklahoma, Logan county. In the district court.
"Nellie M. Hamil, Plaintiff, v. D. V. Hanenkratt.
 ANSWER.
"Comes now the defendant and answering the petition herein says:
"1. That he denies each and every one of the material allegations in the petition contained, except as hereinafter expressly admitted.
"2. For a second defense to the second cause of action, that on the 27th day of October, 1890, lot twenty three in block fifty-five, in that division of the city of Guthrie, known as Guthrie proper was conveyed by townsite board number six to John C. Wicks, and on that day became and was liable for taxation.
"3. That the proper authorities of Logan county, Oklahoma Territory, duly and according to law assessed said lot for taxation for the year 1894, and taxes were duly and legally levied on and assessed against said lot to the amount of $39.73 for said year, and said lot was in law liable for said taxes.
"4. That said taxes were not paid, and became in arrear and delinquent and the proper officer of Logan county, to-wit, the treasurer of said county of Logan, duly advertised said lot for sale, to pay said taxes, in the manner and for the time required by law; to-wit, by advertising said lot for sale once a week for three consecutive weeks, commencing the first week in August, preceding the date of the said sale, in the official newspaper in Logan county, which said notice contained a statement that said lot 23 in block 55, Guthrie proper, and all other lands on which the taxes for the said year 1894 remained *Page 225 
unpaid, would be sold to pay the same, together with the time and plaec of making said sale, and a list of the lands to be sold, and the amount of the taxes due thereon, which said list included lot 23 in block 55, Guthrie proper, and the amount of the taxes due on said lot.
"5. That said authorities of Logan countty, did and performed everything legally required of them to be done, in order to subject said lot to the payment of said taxes, and the collection thereof by law.
"6. That in pursuance of said advertisement said lot was duly and regularily offered for sale, at the office of said county treasurer, at the time required by law, and designated in said notice.
"7. That at said sale there were no bidders for said lot, offering the amount due thereon, and the lot was therefore bid off by the county treasurer of Logan county for said county, for the amount of the taxes, penalty and interest and costs due thereon.
"8. That the defendant purchased the interest of the county of Logan, in said real estate, paying therefor to the said county, the full amount of the taxes, penalty, interests and costs of sale and transfer, up to the date of his said purchase, and obtained the tax-sale certificate for said lot from said treasurer.
"9. That on the 23rd day of November, 1897, more than two years after said sale for taxes, the treasurer of Logan county, executed to this defendant a tax deed for said lot, but by the mistake of the said treasurer, said deed contained erroneous recitals of fact in the following particulars; that said deed recites that said sale took place at the court house door in Guthrie, and further recites that the county of Logan was a bidder at said sale.
"10. That said recitals are false, as said sale was made at the office of the treasurer of Logan county, and not at the court house door, and said county did not bid at said sale, in opposition to other bidders, but, in the *Page 226 
absence of bidders, willing to bid the amount of the taxes, penalty, interest and costs, then due on said lot, said county, by its treasurer, did then bid off said lot for the amount so due, as required by law.
"11. That said false recitals were put in said deed by the mistake of the said treasurer.
"12. That since the execution of said deed, the defendant has cared for said property, and has paid the taxes accruing thereon, amounting to $89.15; and has in good faith, put valuable and permanent improvements thereon to the amount of $17.80.
"Wherefore the defendant demands judgment:
"1. That said deed be corrected in the particulars above set out.
"2. That the defendant go without day and receive of the plaintiff his costs.
"3. For such other and further relief as may be just.
"Signed H. M. ADAMS JONES and DEVEREUX, Attorney for defendant.
"Endorsed on the back as follows:
"No. 2493. Hamil v. Hanenkratt. Answer.
"Filed Sept. 12, 1898.
"M. C. HART, Clerk Dist. Court."
The tax deed mentioned in and relied upon by the defendant in his answer is in words and figures as follows:
 TAX DEED.
"Whereas, D. V. Hanenkratt, did, on the 23rd day of November, A.D. 1897, produce to the undersigned Ferdinand Ritterbusch, treasurer of the county of Logan, in the Territory of Oklahoma, a certificate of purchase in writing bearing date of 18th day of November, 1895, signed by Joseph Stiles, who, at the last mentioned date was treasurer of said county, from which it appears that the county of Logan did on the 18th day of *Page 227 
November, 1895, purchase at public auction at the door of the court house in said county the tract, parcel or lot of land lastly in this indenture described, and which lot was sold to the county of Logan for the sum of thirty-nine and seventy-three one hundredths dollars, being the amount due on the following tract of land returned delinquent for non-payment of taxes, costs and charges for the year 1894, to-wit: Lot number twenty-three, (23) in block number fifty-five (55) in that sub-division of the city of Guthrie, Logan county, Oklahoma Territory, known as Guthrie Proper.
"And it appears that the county of Logan did on the 7th day of January, 1896, transfer all right, title and interest in said certificate of purchase of D. V. Hanenkratt.
"And it further appearing that the said D. V. Hanenkratt, is the legal owner of said certificate of purchase and the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said D. V. Hanenkratt having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs and charges, as above specified, and it appearing that said land was legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 1894, and that said lands have been legally advertised for sale for said taxes and were sold on the 18 — eighteenth day of November, 1895.
"Now therefore, this indenture, made this 23rd day of November, 1897, between the Territory of Oklahoma, by Ferdinand Ritterbusch the treasurer of said county of the first part, and the said D. V. Hanenkratt of the second part, witnesseth, that the said party of the first part, for and in consideration of the premises and the sum of one dollar, in hand paid, hath granted, bargained and sold, and by these presents doth grant, bargain, sell *Page 228 
an convey to the said party of the second part, D. V. Hanenkratt, his heirs and assigns forever, the tracts or parcels of land mentioned in said certificate, and described as follows to-wit:
"Lot number twenty-three, (23) in block number fifty-five, (55) in that sub-division of the city of Guthrie, Logan county, Oklahoma Territory, known as Guthrie proper.
"Filed February 3, 1898, Louis E. Pitts, Clerk Dist. Court.
"To have and to hold said mentioned tract or parcel of land, with the appurtenances thereunto, belonging to the said party of the second part, D. V. Hanenkratt, his heirs and assigns forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell the same.
"In testimony whereof, the said Ferdinand Ritterbusch, treasurer of said county of Logan, has hereunto set his hand and seal on the day and year aforesaid.
"Signed, FERDINAND RITTERBUSCH, County Treasurer. Attest.
(SEAL.)
"Territory of Oklahoma, county of Logan — ss. Before me, R. Emmett Stewart, a county clerk in and for the above named county and territory, on this 24th day of November, 1897, personally appeared Ferdinand Ritterbusch, to me known, (or proven) to be the county treasurer of Logan county, and executed the above conveyance of land, and acknowledged the execution thereof to be his voluntary act for the purposes named.
"Witness my hand and official seal the date above written.
"R. EMMETT STEWART, County Clerk. "N.J. C. JOHNSON, Deputy.
"My commission expires."
(SEAL.)
Deed endorsed on back as follows: *Page 229 
"C. 1751. Tax deed, from Ferdinand Ritterbusch, treasurer of Logan county to D. V. Hanenkratt. Territory of Oklahoma, Logan county, ss.
"This instrument was filed for record on the 6th day of November A.D. 1897, at 1:30 o'clock, p. m. and duly recorded in book 1, on page forty-three, (43), fee $1.25. In advance.
"J. J. NELSON, Register of deeds."
(SEAL.)
Attached to said deed is the following: Register's certificate.
"Territory of Oklahoma, Logan county, ss. I, J. J. Nelson, register of deeds in and for said county, hereby certify that the within is a true and correct copy of a tax deed now on file at my office in Guthrie, Oklahoma Territory, this 1st day of February, 1898.
"J. J. NELSON, Register of deeds."
Afterwards, to-wit on the 17th day of November, 1898, plaintiff filed in said court her demurrer to the answer of the defendant, which demurrer was on the 6th day of December, 1893, sustained by the court, to which defendant then and there excepted. Thereafter, to-wit, on the 9th day of December, 1898, defendant filed his amended answer to plaintiff's petition, which is in words and figures as follows:
"Territory of Oklahoma, Logan county. In the district court.
"Nellie M. Hamil v. D. V. Hanenkratt.
 ANSWER.
"Comes now the defendant and for answer to first cause of action set out in the plaintiff's petition says:
"1. That he admits that at the time set out in the said petition the plaintiff was the owner of the land therein described and that the same was sold for taxes as therein set out. *Page 230 
"2. Except as herein admitted the defendant denies each and every one of the material allegations in said first cause of action contained.
"3. Further answering the defendant says that he admits the right of plaintiff to redeem said land upon payment to the defendant of the amounts paid by him in taxes, and permanent improvements, thereon, as required by law; and the said defendant hereby offers to convey land to the plaintiff upon the payment to defendant of said sum amounting at this time to $__________.
"For a defense and cross-petition to the second cause of action in said petition set out the defendant says:
"1. That on the 27th day of October, 1890, lot 23 in block 55 in that division of the city of Guthrie known as Guthrie proper, was conveyed by townsite board number 6 to John C. Wicks and on that day became and was liable for taxation.
"2. That the proper authorities of Logan county, Oklahoma Territory, duly and according to law assessed said lot for taxation for the year 1894, and taxes were duly and legally levied on and assessed against said lot to the amount of $39.73, for said year, and said lot was in law liable for the payment of said taxes.
"3. That said taxes were not paid, and became in arrear and delinquent, and the proper officer of Logan county, to-wit, the treasurer of Logan county, duly advertised said lot for sale to pay said taxes in the manner and for the time required by law, to-wit, by advertising said lot for sale once a week for three consecutive weeks, commencing the first week in August preceding the said sale, in the official newspaper in Logan county, which said notice contained a statement that said lot 23 in block 55 Guthrie proper, and all other lands on which the taxes for the said year 1894 remained unpaid, would be sold to pay the same, together with the time and place of making said sale, and a list of the lands to be sold, and the amount of the taxes due thereon, which said list included *Page 231 
said lot 23 in block 55, Guthrie proper, and the amount of taxes due on said lot.
"4. That the said authorities of Logan county, did and performed everything legally required of them to be done, in order to subject said lot to the payment of said taxes and the collection thereof by law.
"5. That in pursuance of said advertisement said lot was duly and regularly offered for sale at the office of said county treasurer at the time required by law, and designated in said notice.
"6. That at said sale there were no bidders for said lot offering the amount due thereon, and the said lot, was therefore bid off by the county treasurer of Logan county, for said county, for the amount of the taxes, penalty, interest and costs due thereon.
"7. That the defendant purchased the interest of the county of Logan in said real estate paying therefor to the said county the full amount of the taxes, penalty, interest and costs of sale and transfer up to the date of his said purchase, and obtained the tax sale certificate for said lot from said treasurer.
"8. That on the 23rd day of November, 1898, more than two years after said sale for taxes the treasurer of Logan county executed to the defendant a tax deed for said lot, but by the mistake of said treasurer, said deed contained erroneous recitals of fact in the following particulars: That said deed recites that said sale took place at the court house door in Guthrie, and further recites that the county of Logan, was a biddder of said sale.
"9. That said recitals are false, as said sale was made at the office of the treasurer of Logan county and not at the court house door, and said county did not bid at said sale in opposition to other bidders but in the absense of bidders willing to bid the amount of the taxes, penalty, interest and costs then due on said lot, said county, by its treasurer, did then bid off said lot for the amount so due as required by law. *Page 232 
"10. That said false recitals were put in said deed by the mistake of the said treasurer.
"11. That since the execution of said deed this defendant has cared for said property and has paid the taxes accruing thereon, amounting to $89.15; and has in good faith, put valuable and permanent improvements thereon to the amount of $17.80.
"Wherefore, the defendant demands judgment,
"1. That said deed be corrected in the particulars above set out.
"2. That the defendant go without day, and recover of the plaintiff his costs.
"3. For such other and further relief as may be just.
"H. M. ADAMS, JONES and DEVEREUX, Attorneys for Defendant."
Endorsed on the back as follows:
"No. 2493. Hamil v. Hanenkratt. Amended answer. Filed Dec. 9, 1893.
"M. C. HART, Clerk Dist. Court."
On the 11th day of February, 1899, plaintiff filed a demurrer to the amended answer and cross-petition of the defendant, which demurrer was in words and figures as follows:
"In the District court of Logan county, Oklahoma Territory.
"Nellie M. Hamil, plaintiff, v. D. V. Hanenkratt, defendant.
 DEMURRER TO ANSWER.
"Comes now Nellie M. Hamil, plaintiff in the above action, and demurrs against that part of defendant's amended answer entitled 'Defense and cross-petition to the second cause of action," of plaintiff, for the following reasons, viz: *Page 233 
"1. For the reason that said defence and cross-petition does not state facts sufficient to constitute a defense to the second cause of action stated in plaintiff's petition.
"2. For the reason that said defense and cross-petition does not state facts sufficient to constitute a cause of action against plaintiff in favor of defendant.
"3. For the reason that there is a defect of parties defendant to said defense and cross-petition, in that the treasurer of Logan county, is not made a party defendant thereto.
"H. S. CUNNINGHAM and FRED. M. ELKIN, Attorneys for Plaintiff, Hamil.
"Endorsed on back as follows: No. 2493. In district court. Hamil v. Hanenkratt. Demurrer to second and amended answer. Cross-petition.
"Filed February 11, 1893.
"M. C. HART, Clerk Dist. Court.
"H. S. CUNNINGHAM and FRED M. ELKIN."
Thereafter, to-wit, on to-wit, the 18th day of February, 1899, the court overruled said demurrer to the second amended answer and cross-petition of the defendant, to which the plaintiff excepted. On the 23rd day of February, 1899, the plaintiff filed her reply to the amended answer and cross-petition of the defendant. Thereafter, to-wit, on the 29th day of April, 1899, this cause came on for trial, upon the merits, before the court, a trial by jury having been waived. The court, after hearing the evidence, and arguments of counsel, and being fully advised in the premises, finds for the plaintiff. The judgment of the court being in words and figures as follows:
"In the district court of the first judicial district, Territory of Oklahoma, in and for Logan county.
"Nellie M. Hamil, plaintiff, v. D. V. Hanenkratt, defendant. No. 2493. *Page 234 
 JUDGMENT.
"Now on this 29th day of April, 1899, the same being a judicial day of the regular 1899 term of court, the above entitled cause came on for trial upon the issues joined by the pleadings, and plaintiff herein, Nellie M. Hamil, appeared by her attorney Fred M. Elkin, and the defendant herein, D. V. Hanenkratt, appears in person and by his attorney, John Devereux, both parties announce ready for trial, and waive trial by jury, and thereupon respectfully offer all their evidence and rest.
"The court having heard the evidence and argument of counsel, and being fully advised in the premises, finds the facts to be as follows:
"That at the time of the commencement of this action the said defendant was and ever since has continued in the possession of the lot in controversy herein, to-wit, lot twenty-three (23) in block fifty-five (55), in the city of Guthrie, Logan county, Oklahoma Territory, and in that part of the city commonly known as, 'Guthrie proper.' That said defendant so in possession of said property claims title thereto under and by virtue of a certain tax deed executed by the treasurer of said county, as treasurer on the 23rd day of November, 1897, that all the proceedings for the sale of said property anterior to the execution of said deed were regular and in conformity with law; that the said deed so executed by said county treasurer is void upon its face and conveys no title to the defendant; that prior to the 20th day of December, 1897, said defendant, in the procurement of said deed for and in payment of taxes, penalties and charges, and the making of necessary repairs upon said property, paid out a large sum of money, and on said last named date, there was due and owing to said defendant on such account the sum of one hundred and sixty-five dollars, that on said 20th day of December, 1897, said plaintiff tendered unto said defendant the sum of one hundred and sixty-five dollars, ($165.00) in lawful money of the United *Page 235 
States and demanded of said defendant the possession of said property; that said plaintiff has ever since kept said tender good; that at the time of the execution of the aforesaid deed, said plaintiff was the owner in fee simple of said property and was and now is entitled to redeem same from said tax sale; that upon making tender as aforesaid, at the beginning of this action, and at this time plaintiff was and is entitled to the possession of said property, that since the making of the aforesaid tender the said defendant has paid taxes on said property in the sum of nineteen dollars and thirty cents, ($19.30) which last named sum with interest thereon in the sum of forty-five cents, and the aforesaid sum of one hundred and sixty-five dollars are now due and payable from plaintiff to defendant; that said defendant has been unlawfully in the possession of said property for a period of sixteen and one half months, that the rental value of said property is ten dollars, ($10.00) per month and that said plaintiff should recover from said defendant for and on account of such rent the sum of one hundred and sixty-five dollars, ($165.00) now due and payable.
"Now therefore, it is by the court considered, ordered, adjudged and decreed as follows:
"That the said plaintiff have and recover of and from said defendant the possession of said property, to-wit, lot twenty-three, (23) in block fifty-five (55) in the city of Guthrie, Logan county, Oklahoma territory, and in that part of said city commonly known as Guthrie proper, the costs of this action taxed at __________ dollars, and that said deed be, and the same is hereby canceled of record.
"It is further considered, ordered, adjudged and decreed by the court that the said defendant have and recover of and from the said plaintiff the above balance of nineteen dollars and seventy-five cents and that upon failure of plaintiff to pay said last named sum into court for the use and benefit of said defendant the aforesaid deed be re-formed as in said defendant's counter claim *Page 236 
prayed; that execution herein is stayed for ten days from this date.
"Thereupon said defendant files a motion for a new trial and the court being full advised in the premises now overrules said motion and each and every ground thereof, to which ruling the defendant excepts.
"Now, therefore, it is by the court further ordered that the said defendant have sixty (60) days in which to make and serve case-made, that plaintiff have ten (10) days thereafter in which to suggest amendments thereto, and that said case-made be settled upon five days' notice in writing; that supersedeas bond be fixed at the sum of three hundred dollars.
"O. K. JNO. DEVEREUX, Attorney for defendant.
"O. K. FRED M. ELKIN, Attorney for plaintiff.
"Endorsed, No. 2493. Hamil v. Hanenkratt. Filed May 6, 1899.
"M. C. HART, Clerk Dist. Court. Judgment."
To which judgment of the court the defendant then and there excepts, and thereupon files a motion for a new trial, which motion is overruled by the court, and exception saved by the defendant. To which judgment of the court and the overruling of said motion for a new trial, the defendant then and there excepts, and brings the cause here for review.
Opinion of the court by
The plaintiff in error in this case submits the case on two propositions only, to-wit, that the petition of the plaintiff in the court below does not state a cause of action, and hence the trial court should have sustained the demurrer of the defendant to the petition of the plaintiff; and second, that the court below erred in not sustaining the motion for a new trial. *Page 237 
In regard to plaintiff in error's first assignment, to-wit, that the court erred in overruling the demurrer to the petition, it will be noticed that the demurrer is general, and goes to the whole petition, and not to each count thereof.
Section 4005 of the Statutes of Oklahoma 1893, provides:
"In any action for the recovery of real property it shall be described with such convenient certainty as will enable an officer holding an execution to identify it."
Section 4492 of the same statute reads as follows:
"In an action for the recovery of real property it shall be sufficient if the plaintiff states in his petition that he has a legal or equitable estate therein, and is entitled to the possession thereof, describing the same as required by section 127, and that the defendant unlawfully keeps him out of possession."
It would not be necessary to state how the plaintiff's estate or ownership is derived. By a reference to the petition in this case it will be noticed that in the first three clauses thereof plaintiff brings herself within the two sections of the statute above cited, by alleging that she is the owner in fee simple of the following described real property, situated in Logan county, Oklahoma Territory; then follows a description of the property by lots and blocks. Then follows the statement that said defendant, "Now is and ever since the 23rd day of November, 1897, has been wrongfully in possession of said real property, and to the exclusion of plaintiff." This statement in the said petition contained, under the provisions of the statute above cited, is a sufficient statement of a cause of action. The demurrer being to the whole of the petition, and a good cause of action being stated in the *Page 238 
first three paragraphs, of said petition, the demurrer was properly overruled.
The doctrine is laid down in Bliss on Code Pleading, ch. 20, p. 417, sec. 417, 3rd edition.
"A demurrer may be made to the whole petition, or to the statement of any of the causes of action, embodied in it, but if made to the whole pleading, it will be overruled if any of the statements are held to be good."
A similar doctrine is enunciated in Pomeroy's Code Pleadings, p. 663, sec. 577, 3rd edition:
"Where a complaint or petition contains two or more different causes of action a demurrer to it as a whole, or to all or some of the causes of action jointly, must fail, and be overruled, if any one of the separate causes of action included in the petition is good."
The same author, p. 688, sec. 606, uses this language:
"If the demurrer is interposed to an entire answer containing two or more separate defences, or to an entire complaint containing two or more causes of action, it will be overruled if there is one good defense, or one good cause of action;" and he there cites as authority for this statement:Jeffersonville M. I. R. Co. v. Van Cant, 40 Ind. 233. McPhailv. Hyatt, 29 Iowa, 137. Maudlin v. N.W. Turnp. Co. 48 Ind. 492.Excelsior Draining Co. v. Brown, 47 Ind. 19, and numerous other authorities.
The second assignment of error is that the court erred in overruling the motion for a new trial, and the plaintiff in error complains that the court prevented them from introducing evidence to show that the recitals in the tax deed were a mistake, and their contention is that they should have been allowed to dispute or contradict the recitals in the tax deed by evidence.
In the case of S. S. Cartwright v. S. S. McFadden, tried at the January term, 1881, and reported in the 24th Kans. at p. 662, the supreme court of Kansas say: *Page 239 
"The defendant however, for the purpose of bolstering up his tax deed offered to prove that the sale of the lots was not made in gross, but that each lot was sold separately. The plaintiff objected to this evidence, and the court below excluded it. We think that the court below rightfully excluded it, for it did not tend to show that the defendant's tax deed is valid, but only that the sale was valid, and that he might have obtained a valid tax deed on the sale if he and the county clerk had been more careful, and had made the tax deed speak the truth. Under the circumstances, he was really attempting to prove that his own tax deed was false, that it does not follow the sale that was actually made, and really that there was no such sale as described in his tax deed. He was really attempting to contradict the recitals of his own tax deed, and to show that it is founded upon a falsehood."
And in the syllabus of that case the supreme court of Kansas lay down the rule that it is not competent for a tax deed holder to introduce other evidence to contradict the recitals of his tax deed.
The court in this case held that the tax deed was void, as showing by its own recitals that it was invalid. The tax deed in this case recites as follows:
"Whereas, D. V. Hanenkratt did, on the 23rd day of November, A.D. 1897, produce to the undersigned Ferdinand Ritterbusch, treasurer of the county of Logan, in the Territory of Oklahoma, a certificate of purchase in writing, bearing date of 18th day of November, 1893, signed by Joseph Stiles, who at the last mentioned date was treasurer of said county, from which it appears that the county of Logan did, on the 18th day of November, 1895, purchase at public auction, at the door of the court house in said county, the tract, parcel, or lot of land, lastly in this indenture described, and which lot was sold to the county of Logan, for the sum of thirty-nine *Page 240 
dollars and seventy-three cents, being the amount due on the following tract of land, returned delinquent for nonpayment of taxes, costs and charges for the year 1894:" — then follows the description of the premises in controversy, in this suit, and also the recital showing the assignment and transfer of all right, title and interest in the certificate of purchase, from Logan county to the plaintiff in error. We take the law to be well settled that where the recitals in the tax deed show a sale to the county, and a deed obtained by virtue of a sale to the county, that the deed must contain recitals to show the right of the county to purchase at such tax sales, that if the recitals of the tax deed show the county to be a competitive bidder at said tax sale, such recitals renders the tax deed void; and that the recitals in a tax deed must show that the circumstances, surroundings and conditions giving the county the statutory right to purchase at such sale existed at the time of such purchase by the county; and unless such deed does contain such recitals, it is invalid on its face.
In the case of Enos Larkin v. A. Wilson, reported in the 28th Kansas, at p. 367, the supreme court of Kansas, in a case then pending before that court upon a tax deed which contained the following recitals:
"Whereas, the treasurer of said county did, on the third day of May, 1864, by virtue of the authority in him vested by law, at the sale begun and publicly held, on the first Tuesday of May, 1864, expose to public sale at the county seat of said count, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described for the payment of taxes, interest and costs then due and remaining unpaid, upon said property, and whereas, at the time and place aforesaid, the treasurer of the county of Bourbon, state of Kansas, having offered to pay the sum of $30.58, being the whole amount of taxes and interest and costs then due and remaining unpaid on said property, *Page 241 
and there being no other bidder, the said property was struck off to it, at that price, which was the least quantity bid for," the claim was made first that said deed was void, because it recites that the county, through the county treasurer, entered the lists at the tax sale as a competitive bidder, second that the county of Bourbon assigned the certificate of the tax sale. The court say:
"With the decisions of this court, the claim of plaintiff in error that the county was a competitive bidder, must be sustained, and the tax and the tax deed founded thereon, are both void. The recitations in the deed show that the county, through the county treasurer, made the first bid on the land, offering itself to pay for the land the sum of $30.58, being the whole amount of taxes, interest, and costs then due and remaining unpaid. There is nothing in the deed that shows or tends to show, that the land could not have been sold to some other party, for the same price, provided the treasurer had not made his bid or offer. If the treasurer had not made his bid, perhaps some other party might have been willing to offer and pay the amount of the taxes, penalty and charges for the land, but as the county, through its treasurer, made that offer first, it thereby prevented others from making that bid, or, indeed, from making any bid as advantageous to themselves as that bid would have been."
The court there cites: Norton v. Friend, 13 Kans. 333. Magillv. Martin, 14 Kans. 67. Babbit v. Johnson, 15 Kans. 252.
In this latter case, Judge Brewer, in rendering the decision and holding that the tax deed in that case, which recited a sale to the county as a competitive bidder, was void, cites with approval the case above cited in the 13th Kansas, and the one in the 14th Kansas.
The statute of Kansas provides: *Page 242 
"If any land cannot be sold for the amount of the taxes, penalty and charges thereon, it shall be bid off by the treasurer, for the county, for such amount."
The Statutes of Oklahoma of 1893, sec. 5660, p. 1054, provides:
"The county treasurer of each county within the Territory is hereby authorized at all tax sales hereafter made under the laws of this Territory, in case there be no other buyers offering the amount due, to bid off all or any real estate offered at such sale for the amount of taxes, penalty, interest and costs, due and unpaid thereon in the name of the county in which the sale takes place, the said county acquiring all the rights both legal and equitable that any other purchaser could acquire by reason of said purchase."
The two acts are practically the same, and the reasoning of the Kansas court will apply with equal force to the statute of Oklahoma, as to the statute of Kansas, and the courts in construing the statute of Kansas, say:
"Before a county or a county treasurer can bid at all, the treasurer must wait until all other have failed or refused to bid on the land the required amount."
Now if this is a necessary requirement, as a condition precedent to a valid bid being made by the county treasurer, then this fact should be set forth in the recitals in the tax deed. As in the language of the Kansas decision,
"There is nothing in the deed which shows or tends to show that the land could not have been sold to some other person for said sum provided the treasurer had not made his offer. The sale and the deed are both void."
Now applying that doctrine to this case, what is the effect on the tax deed question? In the tax deed in this case there is no attempt at any recital showing the absence of other bidders, or that anybody else had an opportunity *Page 243 
to bid, or that it was necessary for the treasurer to bid it off for the county on account of the absence of bidders. But this deed relied upon by the plaintiff in error contains only the bald statement that this land was bid off by the treasurer of Logan county, and the interests of Logan county assigned to this plaintiff in error. This recital, we have no doubt, renders the deed void.
Then if this tax deed was void and of no effect the plaintiff in the court below, the defendant in error, had a right to redeem from that tax sale, by tendering to the holder of the certificate, or pretended deed, the tax by him paid, and the interest, penalties, costs and subsequent taxes paid thereon, which the proof in this case shows was one hundred and sixty-five dollars, which amount the evidence shows was tendered to the plaintiff in error prior to the commencement of this suit in the court below.
For the reasons herein expressed, we think the judgment of the court below was correct, and should be affirmed, which is accordingly done.
Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring except McAtee, J., not present *Page 244