## HILL v. TURNVEREIN GERMANIA OF OKLAHOMA CITY et al.

No. 7831—Opinion Filed Jan. 20, 1920.

Rehearing Denied March 2, 1920.

(Syllabus by the Court.)

**1. Taxation—Tax Deeds—Validity—Necessary Recitals.**

Where the recital in a tax deed shows a sale to the county and a deed obtained by virtue of the sale to the county, the deed must contain a recital to show the right of the county to purchase at such tax sale; and, unless such deed contains such a recital, it is void on its face.

**2. Same—Delinquent Tax Sale—Validity.**

Where the statute requires that under a delinquent tax sale the land shall be offered for sale at the office of the county treasurer, and same was offered for sale at the front door of the courthouse, there has not been a substantial compliance with the statute, and such sale is void.

**3. Same—Void Deed—Limitation of Actions.**

Where a tax deed is void on its face, the statute of limitations will not run in favor of the holder of it

**4. Partnership—Relation of Stockholders of Abortive Corporation.**

Parties acting as stockholders attempting to organize a corporation, but failing therein for the reason that a corporation could not be organized for its declared purpose, or because all of its business was to be conducted in a foreign state, are generally held to be partners.

Error from District Court, Oklahoma County; Edward D. Oldfield, Judge.

Action in ejectment by Turnverein Germania of Oklahoma City and others, to recover certain real estate held by William B. Hill under an alleged tax deed. From a judgment in favor of plaintiffs, William B. Hill appeals    Affirmed.

John H. Wright and Clarence J. Blinn, for plaintiff in error.

F. L. Boynton, Embry, Crockett & Johnson, Johnson &. Kidd, Ledbetter, Stuart & Bell, and A. J. Titus, for defendants in error.

OWEN, C. J.  This was an action to determine ownership and recover possession of lot 42, block 62, Oklahoma City.    William B. Hill, plaintiff in error, claimed title to the lot through a tax deed issued to John Holsapfel.    It appears the lot was sold for delinquent taxes in 1896, and the tax deed issued in 1898.

The decisive question for determination is whether the deed is void on its face.    It recites that the county purchased the land at public auction, but fails to show there were no other bidders willing to pay the taxes, interest, and penalties—the only condition authorizing the county to purchase.    It also appears that the sale was at the door of the courthouse, and not at the treasurer's office.

Under the provisions of section 6030, Wilson's Stat. of 1903 under which this sale was had, the county is permitted to buy "in case there are no other bidders offering the amount due."    In the case of Wade v. Crouch, 14 Okla. 593, 78 Pac. 91, it was said:

"Where the recital in a tax deed shows a sale to the county and a deed obtained by virtue of the sale to the county, the deed must contain a recital to show the right of the county to purchase at such tax sale; and, unless such deed contains such a recital, it is void on its face."

This holding was approved in Kramer v. Smith et al., 23 Okla. 381, 100 Pac. 532.

Under section 6022, of this statute, the sale must be at the treasurer's office, and in the case of Davenport v. Wolf, 59 Okla. 92, 158 Pac. 382, it was said:

"Where the statute requires that under a

delinquent tax sale the land shall be offered for sale at the office of the county treasurer, and same was offered for sale at the front door of the courthouse, there has not been a substantial compliance with the statute, and such sale is void."

To reverse the judgment, it is also urged that the action should have been begun under the provisions of section 7419, Rev. Laws 1910, within one year after the recording of the tax deed. This statute has no application where the deed is void on its face. Blanchard v. Reed, 67 Oklahoma, 168 Pac. 644; Holt v. Spicer, 65 Oklahoma, 162 Pac. 686; Moore v. Brown, 11 How. 414, 13 L. Ed. 751; 37 Cyc. 1507.

Counsel contend that plaintiff, Turnverein Germania of Oklahoma City, could not hold title to the lot under the law in force prior to statehood, for the reason that it was not regularly organized as a corporate body. That question becomes immaterial, for the reason that the other plaintiffs were the stockholders of the Turnverein, and the lot in controversy was paid for by them, and title taken in the name of the corporation. In the case of Lynch v. Perryman, 29 Okla. 615, 119 Pac. 229, it was said:

"Parties acting as stockholders attempting to organize a corporation, but failing therein for the reason that a corporation could not be organized for its declared purpose, or because all of its business was to be conducted in a foreign state, are generally held to be partners."

The judgment of the trial court is affirmed.

KANE, RAINEY, JOHNSON, and McNEILL, JJ., concur.