**THOMPSON et al. v. YATES.**

No. 24514. Dec. 6, 1938.

H. B. Lockett, for plaintiffs in error.

J. B. Wilkinson, for defendant in error.

HURST, J. This is an action in ejectment and to quiet title to a certain lot in the town of Comanche. Plaintiff claims title under a certificate tax deed, a copy of which was attached to his petition. The defendants, the former owners, filed a general demurrer to the petition, which was overruled. They then filed an answer alleging that the tax deed is void for several reasons, one of them being that the "sale was not made at the time or place or in the manner required by law." The defendants, in their answer, alleged that five-eighths interest in the property belonged to one of the individual defendants, and the remainder belonged to the estate of a deceased person, and they tendered five-eighths of the taxes. At the close of the evidence, the court, on motion of the plaintiff, directed that defendants, within 48 hours, deposit with the court clerk the amount necessary to redeem the property from the tax sale, and, upon failure of the defendants to comply with said order, the court entered judgment dismissing the defense and quieting the plaintiff's title and awarding him possession of the property. The defendants have appealed by transcript.

The first question for decision is whether the court committed error in dismissing the defense because of the failure and refusal of the defendants to pay the amount required to redeem the property from the tax sale. In this we think the court committed no error. Schulte v. Herndon, 184 Okla. 77, 84 P.2d 607.

The next question for decision is whether the court committed error in entering judgment for the plaintiff. This requires a determination as to whether the tax deed is void on its face. It is contended by the defendant that the deed is void on its face for the reason that it shows the county treasurer to have been a competitive bidder at the sale. The plaintiff disputes this contention and argues that the deed is valid since it complies with the statutory form for certificate deeds. He also invokes the presumptive evidence statute.

The deed recites that it appears from the tax sale certificate:

"That Stephens county did on the 5 day of November 1928, purchase at public auction at the County Treasurer's office, in said County, the tract, piece and parcel or lot of land lastly in this indenture described and which tract, parcel or lot of land was sold to Stephens County Oklahoma for the sum of $45.85 dollars, being the amount due on the following tract, parcel or lot of land returning delinquent for nonpayment of taxes, costs and charges for the year 1927, to wit: Lot 8 Block 33 town of Comanche, Okla. with all improvements thereon and it further appearing from said certificate that Stephens County was the highest and best bidder for said tract, piece, parcel or lot of land at said sale."

While we think there is much merit in the argument of the defendants that the above recitals show the county to have been a competitive bidder at the sale, in view of the decisions in Keller v. Hawk (1907) 19 Okla. 407, 91 P. 778; Wall v. Kaighn (1914, Utah) 144 P. 1100, and the authorities cited in 61 C. J. 1346, note 14, we deem it unnecessary to base our decision on that proposition, as we think it clear that the deed is invalid for another reason, inferentially argued by the defendants and covered by the authorities they cite, namely, that the deed does not affirmatively recite facts showing the right of the county treasurer to bid off the property in the name of the county.

Under section 12750, O. S. 1931 (68 Okla.

St. Ann. sec. 391), the county treasurer is authorized to bid off property in the name of the county at a tax sale "in case there are no other bidders offering the amount due." This is the only condition under which the county treasurer is authorized to purchase property at a tax sale. In Hanenkratt v. Hamil (1900) 10 Okla. 219, 61 P. 1050, the court, quoting from a Kansas case, said that "before a county or county treasurer can bid at all, the treasurer must wait until all others have failed or refused to bid on the land."

The contention of the plaintiff that the deed must be sustained because it conforms to the form prescribed by statute is not well taken. In the early case of Norton v. Friend (1874) 13 Kan. 532, in an opinion by Justice Valentine discussing this same contention, it was said that "a tax deed should follow the form given by statute only so far as it can do so truthfully, and where it cannot do so truthfully, it should state the facts as they really exist. The form given by statute is for tax deeds for land sold at tax sales to individuals and when this form is used for tax deed for land sold to a county, the form of the deed should be so modified as to correspond with the law and the facts of the case." In Magill v. Martin (1874) 14 Kan. 67, in an, opinion by Justice Brewer, it was said that "the statute says the deed shall be in substantial compliance with the form. It thus contemplates minor modifications, and those modifications must be such as to make the deed recite the truth and comply with the conditions of valid action." This rule was followed in Hanenkratt v. Hamil, supra, wherein it was said that "the statutory form of a tax deed is for voluntary purchasers and where such a deed is based upon a sale to the county it must be modified to show the conditions upon which the county can lawfully become a purchaser."

We are committed to the rule. which logically follows the foregoing rule, that "where the recital in a tax deed shows a sale to the county, and a deed obtained by virtue of the sale to the county, the deed must contain a recital to show the right of the county to purchase at such tax sale; and, unless such deed contains such recital, it is void on its face". Wade v. Crouch (1904) 14 Okla. 593, 78 P. 91; Kramer v. Smith (1909) 23 Okla. 381, 100 P. 532; Hill v. Turnverein Germania of Oklahoma City (1920) 77 Okla. 242, 187 P. 920; Hanenkratt v. Hamil, supra. This rule obtains in the other jurisdictions having a statute similar to ours. 61 C. J. 1346; Cooley, Taxation (4th Ed.) sec. 1448; Reckitt v. Knight (1902,

S. D.) 92 N. W. 1077; Rush v. Lewis & Clark County (1908, Mont.) 93 P. 943. The deed involved in this case contains no such recital. As was said in Hanenkratt v. Hamil, supra, quoting from a Kansas case, "there is nothing in the deed that shows or tends to show that the land could not have been sold to some other party for the same price, provided the treasurer had not made his bid or offer."

The deed in the instant case recites that the property was sold for the amount due, and that the county was the highest and best bidder, and it is argued that those recitals inferentially show that there were no other bidders willing to offer the amount due. We cannot agree with this contention. In several of the deeds involved in the cases herein cited there were similar recitals, and in those cases the deeds were held void on their face because they did not recite facts showing the right of the county treasurer to purchase.

The presumptive evidence statute (section 12760, O. S. 1931, 68 Okla. St. Ann. sec. 452) does not aid the plaintiff's cause. That statute makes a deed which is in substantial compliance with the form prescribed by statute (section 12762, O. S. 1931, 68 Okla. St. Ann. sec. 454) presumptive evidence of six facts. The right of the county treasurer to purchase the property is not one of those six facts. The statute enunciates a rule of evidence relieving the tax deed holder of the necessity of proving the six facts of which the tax deed is made presumptive evidence, when such facts are recited in substance in the deed.

We therefore hold that the tax deed in question is void on its face for the foregoing reasons. Being void on its face, the petition did not state a cause of action, and the plaintiff is not entitled to affirmative relief. However, since the defendants did not comply with the tender statutes, they were not entitled to have their general demurrer sustained.

The cause is reversed and remanded, with directions to the trial court to give the defendants a reasonable opportunity to comply with the tender statutes, and, if they do so comply, the court is directed to enter judgment for the defendants; but if they do not so comply, the court is directed to dismiss the cause without prejudice. The costs are divided equally.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, GIBSON, DAVISON, and DANNER, JJ., concur. WELCH and CORN, JJ., dissent.

CORN, J. (dissenting). I dissent to the majority opinion for the reason it holds "That the deed does not affirmatively recite facts showing the right of the county treasurer to bid off the property in the name of the county."

A part of the tax deed in question is as follows:

"Whereas, Joyce Yates, did on the 17th day of June 1931, produce to the undersigned, Harry L. Brown Treasurer of the County of Stephens, in the State of Oklahoma, a certificate of purchase in writing, bearing date of 31 day of March 1931, signed by Harry L. Brown, who, at the last mentioned date was treasurer of said County, from which it appears that Stephens County did on the 5 day of November 1928, purchase at public auction at the County Treasurer's office, in said County, the tract, piece and parcel or lot of land lastly in this indenture described and which tract, parcel or lot of land was sold to Stephens County, Oklahoma for the sum of $45.85 dollars, being the amount due on the following tract, parcel or lot of land returning delinquent for nonpayment of taxes, costs and charges for the year 1927, to wit: Lot 8 Block 33 Town of Comanche, Okla. with all improvements thereon and it further appearing from said certificate that Stephens County was the highest and best bidder for said tract, piece, parcel or lot of land at said sale.

"And it further appearing from said certificate that said Stephens County, Harry L. Brown treasurer on the 31 day of March 1931, did, for a good and valuable consideration, sell, assign, transfer and set over to Joyce Yates all of its rights. title and interest in and to said certificate, and all rights thereunder, which said assignment or transfer was duly acknowledged before an officer authorized by law to take acknowledgments of deeds in Stephens County and State of Oklahoma. * * *"

Section 12750, O. S. 1931, provides:

"The county treasurer is hereby authorized at all tax sales made under the laws of this state, in case there are no other bidders offering the amount due, to bid off all or any real estate offered at said sale for the amount of taxes. penalty, interest, and costs due and unpaid thereon. in the name of the county in which the sale takes place, the said county acquiring all the rights both legal and equitable that any other purchaser could acquire by reason of said purchase."

Section 12752 O. S. 1931, is as follows:

"If any person is desirous of purchasing the interest of the county in said real estate acquired by reason of the county treasurer having bid the same off for the county he may do so by paying to said county treasurer the amount of all the taxes, penalties, interest and costs of sale and transfer up to date of said purchase and thereupon the said treasurer shall assign and deliver to said purchaser a certificate of purchase to said real estate, which assignment and transfer shall convey to the purchaser all the right and interest of said county to said real estate as fully as if he had been the original purchaser at said tax sale."

Had an individual bought the property at said sale and the deed recited he was "the highest and best bidder," it could just as logically be contended that an agent or representative of the landowner or someone else bid the same amount and he was not "the highest and best bidder."

"Highest and best bidder" is a term used at public sales where property is sold to the person who is willing to pay the most for it. "Highest" is the superlative degree of the word "high." It can have only one meaning when used in connection with the sale of property at public auction and that is no one else bids that amount.

Webster's New International Dictionary defines the word "superlative" as follows: "Lifted up to the highest degree; most eminent; surpassing all other; supreme; * * *"

If I refer to a certain oil derrick as being the highest in the Oklahoma City field, or a mountain as being the highest in the state, or a tree as being the highest in a grove, no one would contend that I meant there were other derricks, mountains, and trees as high.

The case of Hanenkratt v. Hamil, 10 Okla. 219, 61 P. 1050, cited and relied upon in the majority opinion, is not applicable to the facts in this case, for the reason there is nothing in the deed there involved to even infer the county bought the property for the full amount of the taxes, or in the absence of other bidders.

In the body of that opinion is found the following language:

"* * * In the tax deed in this case there is no attempt at any recital showing the absence of other bidders, or that anybody else had an opportunity to bid, or that it was necessary for the treasurer to bid it off for the county on account of the absence of bidders. But this deed relied upon by the plaintiff in error contains only the bald statement that this land was bid off by the treasurer of Logan county, and the interests of Logan county assigned to this plaintiff in error. This recital. we have no doubt, renders the deed void."

The section of the statute construed by

said opinion is section 79-2311, Revised Statutes of Kansas, 1923, and is as follows:

"Purchased by County. If any parcel of land cannot be sold for the amount of taxes and charges thereon it shall be bid off by the county treasurer in the name of the county for such amount."

Our statute, section 12750, O. S. 1931, is different from the section of the Kansas statute just cited, as our statute authorizes the county treasurer to bid off all or any real estate "in case there are no other bidders offering the amount due."

Under the provisions of the Kansas statute, in order for the deed to be valid on its face, it would be necessary for the deed to show that the land could not be sold by the county treasurer to anyone else on account of the absence of buyers or that they failed to bid such amount, while under our statute all that is required of the county treasurer is to show there were no other bidders offering the amount due. And when a tax deed recites that the county treasurer bid off the property for the full amount of taxes, penalties, interest, and costs, and further states that he was the highest and best bidder, it appears to me that the only liberal construction, or the only fair construction, that can be given to such recitals is there was either a failure on the account of the absence of bidders or failure on the part of those present to bid said amount.

Section 12761, O. S. 1931, in part is as follows:

"The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this act, but in all courts its provisions shall be liberally construed, to the end that its provisions and all proceedings thereunder shall be sustained."

I have made a careful examination of the Revised Statutes of Kansas, 1923, and am unable to find such provision in said statutes.

In Wade v. Crouch and Edwards, 14 Okla. 593. 78 P. 91, cited and relied upon by the majority opinion, I find the facts in the body of the opinion, on page 595, to be as follows:

"The tax deed shows on its face that the lot in question was purchased at public auction by the county treasurer, for the amount of the taxes, interest, penalties, and costs then due and remaining unpaid. There is nothing in the deed that shows, or tends to show, that the land could not have been sold to some other party for the same price, provided the treasurer had not made his bid or offer."

That statement does not apply to the instant case because here the deed does not show that the land could not have been sold to some other party for the same price, that is, the amount of the taxes.

In Kramer v. Smith, 23 Okla. 381, 100 P. 532, relied upon as authority in the majority opinion, a part of the tax deed found on pages 383 and 384 is as follows:

"Whereas, Jen. T. Keller did, on the 13th day of February, A. D. 1902, produce to the undersigned, J. W. Stow, treasurer of the county of Cleveland, in the territory of Oklahoma, a certificate of purchase, in writing, bearing date of the 20th day of November, 1899, signed by J. W. Stow, who at the last-mentioned date was treasurer of said county, from it appears that Jen. T. Keller did, on the 20th day of November, 1899, purchase at public auction, at the treasurer's office, in said county, the tracts, parcels, or lots of land lastly in this indenture described, and which lots were sold to Jen. T. Keller for the sum of eight and 21/100 dollars, being the amount due on the following tracts or lots of land, returned delinquent. for nonpayment of taxes. costs and charges for this year 1898, to wit."

In Hill v. Turnverein Germania of Oklahoma City. 77 Okla. 242, 187 P. 920, also cited as authority in the majority opinion, I find the following language in the body of the opinion:

"The decisive question for determination is whether the deed is void on its face. It recites that the county purchased the land at public auction. but fails to show there were no other bidders willing to pay the taxes. interest, and penalties—the only condition authorizing the county to purchase. It also appears that the sale was at the door of the courthouse, and not at the treasurer's office."

None of the cases cited in the majority opinion are applicable to the facts in this case.

I am not willing to say the words "highest bidder," as used in the deed, mean "that the deed does not affirmatively recite facts showing the right of the county treasurer to bid off the property in the name of the county." especially when liberally construed as provided in section 12761. O. S. 1931. I, therefore, dissent.

I am authorized to say that Mr. Justice WELCH concurs herein.