LAWYER v. CROWE COAL CO. et al.

No. 30229. March 20, 1945.

Rehearing Denied Feb. 12, 1946.

166 P. 2d 1009.

Fred W. Martin, of Wagoner, for plaintiff in error.

E. W. Smith, of Henryetta, for defendants in error.

HURST, V.C.J. C. Ray Lawyer sued Crowe Coal Company, J. E. Chancey, John T. Cole, and several others to recover possession of a 40-acre tract of land in Okmulgee county and to quiet title thereto.

Lawyer claims title under a resale tax deed executed on April 28, 1930, and recorded on February 4, 1931. This suit was commenced on January 1, 1938. Cole filed a demurrer to the petition as amended on the ground that the same does not state a cause of action and on the ground that the action is barred by the statute of limitations. He did not tender the taxes in said demurrer, and the plaintiff filed a motion to strike the demurrer for failure to comply with the tender statutes. This motion was denied. Thereafter, Chancey filed a demurrer for the same reasons stated in the demurrer filed by Cole. The plaintiff did not move to strike the demurrer filed by Chancey. The demurrers were sustained and the cause was dismissed.

None of the other defendants appeared. Thereafter, the plaintiff filed an application to reopen the cause and to be permitted to file a supplemental pleading showing the payment of the taxes subsequent to the issuance of the tax deed and the redemption from a resale under the 1939 tax resale law. This application was denied. Plaintiff appeals.

Plaintiff argues three propositions, (1) error in failing to require compliance with the tender statute, (2) error in sustaining the demurrers, and (3) error in refusing to permit plaintiff to reopen the case and file a supplemental pleading. Under the view we take of the case, it is necessary that we discuss only the first two propositions.

1. The first question is whether the former owner of land sold for taxes can be heard to question the sufficiency of a petition by the tax title holder to recover possession, by a demurrer to the petition, without complying with the tender statute, 68 O.S. 1941 § 453. That statute provides that "the person desiring . . . to resist the recovery of possession by the holder of the deed . . . must, when . . . a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his . . . defense . . . shall be dismissed." Does the demurrer to the petition constitute a "defense" to the action within the meaning of said statute? We think so.

A demurrer to a petition raises issues of law as to the legal sufficiency of the petition to entitle the plaintiff to any relief. 21 R.C.L. 504; 41 Am. Jur. 438; 49 C.J. 366. It is designated as a pleading by our statutes (12 O.S. 1941 §§ 261, 263) and is so recognized by the law generally. 49 C.J. 368. The demurrer constitutes a defense on the legal grounds stated therein. In New Jersey v. New York, 6 Pet. 323, 8 L. Ed. 414, Chief Justice Marshall said: "A demurrer is an answer in law to the bill, though not, in a technical sense, an

answer according to the common language of practice."

We have held that a party may waive the tax tender statute by going to trial without raising the question. Courtney v. Worley, 181 Okla. 399, 74 P. 2d 370; Twyford v. Stephens, 183 Okla. 534, 83 P. 2d 578. But, here, the plaintiff specifically raised the question against Cole, and the record is silent as to whether it was urged as against Chancey. Under the circumstances, we think it cannot be said that the record shows that plaintiff waived the right to have the tax tender statute complied with. The statutes recognize no pleading to a demurrer.

It is clear that, under said statute (68 O.S. 1941 § 453), a defendant as former owner is not entitled to present a defense to recovery of possession by the tax title holder without complying with the tender feature of said statute. Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607. And in Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415, we stated that "since the defendants did not comply with the tender statutes, they were not entitled to have their general demurrer (to the petition) sustained."

2. We are of the opinion, and hold, that the plaintiff's action is barred by the two-year statute of limitations found in the Code of Civil Procedure, 12 O.S. 1941 § 93 (3). We held in Lane v. Bass, 193 Okla. 682, 146 P. 2d 563, that this statute applies to such an action by the holder of a resale tax deed.

The plaintiff relies upon Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707, and Fullerton v. Carlock, 179 Okla. 230, 65 P. 2d 464. These cases are based upon the assumption that 12 O.S. 1941 § 93 was a part of our statutes before the resale statute was enacted, and that paragraph 3 thereof relates only to certificate tax deeds. But the Revised Laws of 1910 were adopted in 1911 as a revised code and it contained provisions for both certificate tax sales and tax resales (sections 7392-7414) as well as a general statute of limitations governing actions concerning real property (section 4655) which is identical with 12 O.S. 1941 § 93, and the provisions of that code should be construed together and harmonized. Both the original or delinquent tax sale and the tax resale constitute sales "for taxes" and the deeds based thereon constitute tax deeds as the terms are used in 12 O.S. 1941 § 93 (3). These cases (Swan v. Kuehner and Fullerton v. Carlock) were referred to in Lane v. Bass, above, but were not specifically overruled. Insofar as they are in conflict with Lane v. Bass and this opinion, they are hereby specifically overruled.

The cause is remanded with directions to give the defendants a reasonable time after the mandate is spread of record within which to comply with the tax tender statute, 68 O.S. 1941 § 453, and, if they do so comply, the trial court is directed to enter judgment sustaining the demurrers to the petition, otherwise the judgment is reversed with directions to strike the demurrers and to proceed not inconsistently with the views herein expressed.

RILEY, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C. J., and OSBORN, J., dissent.

OSBORN, J. (dissenting). The plaintiff, C. Ray Lawyer, brought this action against Crowe Coal Company, J. F. Chancey, and others to recover possession of a 40-acre tract of land in Okmulgee county and to quiet title thereto.

Lawyer claimed title to the land under a resale tax deed issued by Okmulgee county, executed on April 28, 1930, and recorded on February 4, 1931. This action was commenced on January 1, 1938. The demurrer of defendant Chancey to the plaintiff's petition was sustained on the sole ground that the petition showed on its face that plaintiff's cause of action was barred by the statute of limitations. Plaintiff appeals.

The petition showed on its face that plaintiff's cause of action was barred

by the applicable statute of limitations. 12 O. S. 1941 § 93, subd. 3. Lane v. Bass, 193 Okla. 682, 146 P. 2d 563. The vital question presented is whether the trial court erred in not requiring defendant Chancey to tender in open court for the use of plaintiff all taxes, penalties, interest, and costs as a prerequisite to the sustaining of his demurrer and the dismissal of plaintiff's cause of action as to him. Plaintiff contends that the failure of the court to require defendant Chancey to make such tender necessitates reversal.

The tender statute, 68 O. S. 1941 § 453, reads as follows:

"To defeat the deed, the person desiring to set the same aside and recover the land, or to resist the recovery of possession by the holder of the deed in addition to showing clearly the entire failure to do some one or all the things of which the tax deed is made presumptive evidence, must show that he or the person under whom he claims, had the right to redeem the land from tax sale at the time the deed was made, and must, when his action to set aside the tax deed is brought, or a defense to a recovery of possession is plead, tender in open court for the use of the holder of the tax deed, all taxes, penalties, interests and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and on failure so to do, his action or defense, as the case may be, shall be dismissed. The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this Act, but in all courts its provisions shall be liberally construed, to the end that its provisions and all proceedings thereunder shall be sustained."

Plaintiff insists that that portion of said section providing that where a defense to a recovery of possession is pleaded, tender in open court must be made, precludes the assertion of any defense, of whatsoever nature, made in an action for the recovery of possession of real estate brought by the holder of a tax deed, unless the tender statute is complied with. In support of this contention, he cites and relies upon Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415; Schulte v. Herndon, 184 Okla. 77, 84 P. 2d 607; Sanford v. Perkins, 185 Okla. 484, 94 P. 2d 533, and various other decisions of this court, none of which involve the precise question presented here.

In Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573, referring to the tender statute, we said that such statute, being remedial, should be liberally construed so as to carry out the manifest intent of the Legislature, "which is that the one whose duty it was to pay the taxes should not be permitted to litigate the validity of the tax sale until he has offered to reimburse the purchaser who has discharged a burden which he should have discharged." To the same effect is Schulte v. Herndon, supra.

It is clear that a demurrer to plaintiff's petition upon the ground that on its face the action was barred by the statute of limitations is not an attack upon the validity of the tax deed. In fact, it assumes the validity of such tax deed but points out that plaintiff, by failing to assert his rights thereunder within the time required by law, is now precluded from asserting them. The purpose of the tax tender statute was to reimburse the holder of a tax deed for the expenditure made by him in procuring the tax title when, because of defects in the tax deed or the tax sale proceeding culminating in such deed, he did not obtain title to the property so purchased by him, and to require the owner of the land, as a prerequisite to having the deed adjudged invalid because of such defects, to pay the taxes which were his obligation to the county in order to retain his present title to the land.

In the instant case such situation is not involved. Here the tax purchaser obtained a title to the land which, if he had timely asserted same, would have resulted in the title of the landowner being extinguished. 68 O. S. 1941 § 432f; Huddleston v. Vahlberg, 187 Okla. 541, 104 P. 2d 434. When plaintiff failed to assert his rights under his tax

deed within the time limited by law, he was precluded from thereafter asserting them and, in effect, he lost all rights thereunder. The right to be reimbursed for his expenditure in obtaining the tax deed was one of those rights, and the right to obtain possession of the land was another. Both such rights were vested in him by virtue of his tax title, the right of possession depending upon the validity of the tax deed, and the right to the tender being dependent upon its invalidity. If by operation of law he was precluded from asserting the one, he was equally precluded from asserting the other. There is nothing in the statute indicative of an intent on the part of the Legislature to permit one who obtains a tax title to property to sit idly by and fail to assert his right for five, ten, fifteen, or twenty years, and then, by asserting them, when he knows his rights have been lost by lapse of time, make himself whole at the expense of the owner or the owner's subsequent grantee. To hold that the statute was enacted for such purpose, or that such was the intent of the Legislature in enacting it, would pervert both its language and its purpose.

In Atkins v. Disintegrating Co., 18 Wall. 272, 301, the court said:

"The intention of the law-maker constitutes the law. A thing may be within the letter of a statute and not within its meaning, or within its meaning, though not within its letter."

In Lau Ow Bew v. United States, 144 U. S. 47, 59, 12 S. Ct. 517, the court said:

"Nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, avoid an unjust or absurd conclusion."

In Rhodes v. Iowa, 170 U. S. 412, 522, 18 S. Ct. 664, the court said:

"But the subtle signification of words and the niceties of verbal distinction furnish no safeguard for construing the Act of Congress. On the contrary, it should be, interpreted and enforced by the light of the fundamental rule of carrying out its purpose and object, of affording the remedy which it was intended to create, and of defeating the wrong which it was its purpose to frustrate."

In Oklahoma Natural Gas Co. v. State ex rel. Vassar, 187 Okla. 164, 101 P. 2d 793, we held that each provision of a statute should be construed so as to harmonize with all others, yet with a view to giving effect to each and every provision insofar as consistent with the construction of the whole section. Examination of the tender statute convinces us that, when so construed, the defenses referred to in the last portion of the first sentence refer to the defenses set forth in the first portion thereof as necessary to defeat a tax deed. There is nothing in the section which supports the contention of the plaintiff that the word "defenses", as used in the latter portion of that sentence, applies to any and all defenses which might be urged against his petition to recover the land, regardless of whether or not such defenses concern the validity of the tax deed. Obviously it was the intent of the Legislature to require the tender to be made only upon the interposition of defenses which assailed the validity of the tax deed. Hearn v. Yoder, 193 Okla. 353, 143 P. 2d 1009.

Plaintiff, by reason of his own inaction and unexcused delay, lost his right to assert his ownership of title and right of possession to the premises, and defendant was not required to show any defect in the tax deed, for the court was wholly barred by law from granting plaintiff any relief. The tender statute applies only when, in order to defeat plaintiff's recovery, the defendant must attack the deed of plaintiff as void or voidable, as in Thompson v. Yates, supra. The vital spark of plaintiff's rights had become extinguished, leaving only the dead ashes into which no court could generate a living fire. Under section 6 of article 2 of the Constitution, providing that "The courts of justice shall be open to every person

and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation . . .", it was the duty of the court to enter judgment effectually barring the claims of plaintiff to the lands of defendant.

I therefore dissent.

Mr. Chief Justice GIBSON concurs herein.