### NORTON v. BAREFOOT et al.
### NORTON v. HERREN et al.

Nos. 22221, 22222. April 24, 1934.

James C. Cheek and Albert L. McRill, for plaintiff in error.

Leo G. Mann, Hal B. Downing, Twyford & Smith, and G. Lee Gibbs, for defendants in error.

OSBORN, J. Emma M. Norton brought two actions in the district court of Oklahoma county, one against J. M. Herren or his unknown heirs, devisees, executors, and administrators; the other against J. E. Barefoot and the Co-Operative Publishing Company, for the purpose of quieting title to certain real property located in Oklahoma county. The issues in both actions were identical and they were consolidated for the purpose of trial and appeal. The trial court rendered judgment against plaintiff, from which she has appealed. The parties will be referred to as they appeared in the trial court.

It is admitted that defendants were the record owners of the property in question, having secured their respective titles through warranty deeds. Plaintiff alleges possession of the property and claims title thereto solely by virtue of tax deeds. As presented in the briefs, there is but one question submitted for the consideration of this court and that is whether or not the holder of a tax deed, though void, may secure a good and valid title by prescription by taking possession of the property and remaining in open, notorious, exclusive, and adverse possession thereof for a period of more than one year. Plaintiff contends that under the provisions of section 8554, C. O. S. 1921 (sec. 11729, O. S. 1931), and the provisions of section 9753, C. O. S. 1921 (sec. 12763, O. S. 1931), unless an action is begun by the owner of the land to recover possession thereof within one year from the date of recording the tax deed, the holder of said tax deed who is in possession of the land acquires title thereto by prescription under the authority of Stolfa v. Gaines, 140 Okla. 292, 283 P. 563. In that case the court was dealing with a guardianship sale and necessarily construed the statute of limitations dealing with guardianship sales and the minority of a ward. In this case we are dealing with a statute relating to tax deeds and are concerned only with the limitation expressly provided by said statute.

It is conceded, in this case, that the tax deeds in question are absolutely void. It is settled by an unbroken line of decisions of this court that a tax deed void on its face, or void by reason of jurisdictional defects, does not set in operation the one-year stat-

ute of limitations, provided in section 9753, supra. In the case of Lind v. Stubblefield, 138 Okla. 280, 282 P. 365, it is said:

"A tax deed that is absolutely void either on its face, or absolutely void otherwise, does not cut off the rights of the original owner of the land to litigate its validity, when such action is commenced more than one year after the deed is recorded, even though the tax title purchaser has been in .possession of the premises during the entire period of time covered by the deed. A deed is void so as to prevent the operation of the short statute of limitations, when there is a fundamental or jurisdictional defect in the proceedings, either disclosed on the face of the deed or upon the records of the proceedings. * * *"

To the same general effect see the following: Union Savings Ass'n v. Cummings, 74 Okla. 201, 177 P. 901; Campbell v. McGrath, 117 Okla. 126, 245 P. 634; City of Tulsa v. Edwards, 111 Okla. 251, 239 P. 572; Sitton v. Hernstadt, 106 Okla. 140, 233 P. 676; Smith v. Bostaph, 103 Okla. 258, 229 P. 1039; Baker v. Rogers, 148 Okla. 279, 1 P. (2d) 366; Whitcomb v. Vaughan, 149 Okla. 81, 299 P. 216; Ashur v. McCreery, 150 Okla. 111, 300 P. 767; Jones v. McGrath, 160 Okla. 211, 16 P. (2d.) 853.

In view of the plaintiff's admission that her tax deeds are void, she is precluded from asserting a claim of title by prescription under the one-year statute of limitations, which clearly has no application to the facts involved in this case.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.