### MAHONEY v. ESTEP et al.

No. 22053.   Nov. 13, 1934.

Rehearing Denied Dec. 18, 1934.

Application for Leave to File Second Petition for Rehearing Denied March 12, 1935.

Robert W. Maupin, for plaintiff in error.

Willingham & Fariss, for defendants in error.

ANDREWS, J.  This is an appeal by one of the defendants from a judgment of the district court of Oklahoma county quieting the title of the plaintiff to certain real estate therein involved against the cloud cast thereon by the record of an instrument denominated resale tax deed.

The plaintiff in error contends that the instrument in question is a valid resale tax deed "fair on its face," and that the recording thereof was sufficient to start the running of the statute of limitation provided by the provisions of section 183, O. S. 1931. That is the question involved in this appeal.

In support of her contention the plaintiff in error says:

"The deed in question is identical in form, with the deed prepared by the State Examiner and Inspector, as provided by statute, with the exception that the words, 'and said sum being the highest amount bid therefor, and the same being equal or greater than the amount of taxes, penalties, interest, and costs due on each tract of land above described and,' are stricken from the form. * * *

"* * * It was not necessary for the lot involved in this action to be sold by the county treasurer for a sum equal to or greater than the taxes, penalties, interest, and costs and, therefore, the striking of these words from the form deed would certainly still leave the deed fair upon its face and leave it reciting the truth, and nothing but the truth, as applied to the lot in question.  Section 9746, as amended by chapter 158, Session Laws, 1923, provides the deed shall be upon a form to be prescribed by a State Examiner and Inspector, and etc., but this statute does not mean that the deed must be on a form to be prescribed by a State Examiner.  To give the statute such construction would be in violation of section 9751, which provides:

" 'The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this article, but in all courts its provisions shall be liberally construed to the end that its provisions and all proceedings thereunder shall be sustained.'

"If the language means anything, it must mean that such technicalities as the mere omission of words from a deed which are in no wise relevant to the validity of the deed, as an instrument of conveyance, cannot be held to render the deed void upon its face."

In preparing the form to be used for resale tax deeds, the State Examiner and Inspector included therein a recitation with reference to the sum bid at the resale for the property, as recited in the deed, as follows: "the said sum being the highest amount bid therefor."  The omission of the

quoted words from the deed in question was not the omission of words from a deed which are in no wise relevant to the validity of the deed. The State Examiner and Inspector was authorized to provide a form which would include such a provision, and such a provision is a necessary one for the purpose of showing the highest amount bid for the property.

The form of deed prepared by the State Examiner and Inspector was not appropriate for a deed to vacant lots within cities or towns. Whether or not it could have been changed by the county treasurer to conform to the provisions of section 9745, C. O. S. 1921, as amended by chapter 158, Session Laws of 1923, it was not so changed, for nowhere therein is there any recitation that the property involved in this action was vacant lots within the meaning of that provision. As the deed was recorded it was void upon its face.

We are not considering a case such as was considered in Stolfa v. Gaines, 140 Okla. 292, 283 P. 563, and other cases to the same effect. In each of those cases the recorded instrument was valid upon its face. In the case at bar the recorded instrument is void upon its face. We are not concerned in this case with whether or not the sale is void, voidable, or valid. We are concerned here with the question as to whether or not the deed is void or valid upon its face. A tax deed may be valid upon its face and void or voidable. If it is void upon its face, the recording thereof does not start the running of the short statutes of limitation. While the Legislature is authorized to provide a statute of limitations commencing with the sale of land for taxes, with the resale thereof, or with entry thereunder, it has not done so. The short statutes of limitation commence with the recording of a tax deed. As to a resale, the tax deed referred to is a tax deed on a form prepared by the State Examiner and Inspector. The tax deed in question was not on a form prepared by the State Examiner and Inspector, but was materially different therefrom in that it failed to recite necessary recitations contained in that form and in that it failed to show a reason why the real estate in question was sold at resale for an amount less than the amount of taxes, penalties, interest, and costs due thereon.

A resale tax deed must conform to the form prepared by the State Examiner and Inspector and recite that the property was sold for an amount equal to or greater than the amount of taxes, penalties, interest, and costs due on said tract of land, or, in lieu

thereof, state that the property conveyed thereby consisted of a vacant lot located in a city or town.

We find no error in the judgment of the trial court, and it is in all things affirmed.

McNEILL, SWINDALL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., and BAYLESS, J., dissent. CULLISON, V. C. J., and BUSBY, J., absent.