## McGRATH v. MAJORS.

No. 24847.   March 30, 1937.

H. A. Wilkinson, for plaintiff in error.

Everest & Halley and Twyford & Smith, for defendant in error.

HURST, J.  Martha J. Majors commenced this action on March 4, 1930, to quiet her title to two lots in Capitol Hill addition to Oklahoma City.  The defendant McGrath filed an aswer claiming title under a resale tax deed executed to him as grantee June 16, 1924, and duly recorded December 1, 1925, and pleaded the one-year statute of limitations under section 12756, O. S. 1931. The plaintiff filed a reply in which she alleged that said tax deed was void on its face and was void for seven other reasons. Evidence was introduced by both parties, at the close of which the court found the issues in favor of the plaintiff, and entered

judgment quieting her title as against all claims of the defendant, and from that judgment this appeal was taken.

1. The defendant first argues that the petition does not state a cause of action. The petition alleges that the plaintiff is the owner and in possession of said lots; that the defendant claims some right, title, or interest in the same, but that such claim is without merit and operates as a cloud upon her title; that defendant should be required to set up his claim, and that plaintiff's title should be quieted as against the same. These allegations state a good cause of action under section 591, O. S. 1931. Ziska v. Avey, 36 Okla. 405, 122 P. 722; Turner v. McNeill, 118 Okla. 238, 247 P. 39; McGrath v. Durham, 151 Okla. 55, 1 P. (2d) 718.

2. The defendant further contends that the reply constitutes a departure from the petition, and for that reason his demurrer to the reply should have been sustained. There is no inconsistency between the petition and the reply. The petition alleges that the claim of the defendant is without merit, and the reply alleges that the tax deed is void. The reply does not constitute a departure from the petition. 49 C. J. 342 and 351; Westchester Fire Ins. Co. v. McDonald, 123 Okla. 289, 253 P. 287.

3. The defendant's tax deed is governed by chapter 158 of the 1923 Session Laws, as amended (sections 12751-12756, O. S. 1931). It contains no recital that the lots are vacant or that they sold for an amount equal to or greater than the amount of taxes, interest, penalty, and costs due on each lot. The failure to make this recital renders the deed void on its face. Mahoney v. Weitelman, 174 Okla. 591, 50 P. (2d) 1094; Price v. Mahoney, 175 Okla. 355, 53 P. (2d) 257; Mahoney v. Estep, 171 Okla. 101, 38 P. (2d) 537.

4. The defendant's tax deed being void on its face, the plaintiff's cause of action to quiet her title as against the same is not barred by the statute of limitations. Norton v. Barefoot, 168 Okla. 112, 32 P. (2d) 28; Mahoney v. Estep, supra; Emery v. Stansbury, 173 Okla. 478, 49 P. (2d) 155. Both parties claim possession of the property and introduced evidence to support their claim. By its general finding, the court determined that plaintiff is in possession, and we think the evidence supports this finding. However, that question is immaterial either on the question as to the validity of the deed or the statute of limitations.

Proper tender of the taxes, interest, penalty, and costs due was made in the pleadings under section 12761, O. S. 1931. This disposes of all the contentions of the defendant. It is unnecessary to refer to the other reasons why the plaintiff claims said deed is void. Affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, and GIBSON, JJ., concur. CORN, J., dissents. OSBORN, C. J., and BUSBY and PHELPS, JJ., absent.