McGRATH et al. v. AUBREY et al.

No. 30119. Sept. 29, 1942.

Rehearing Denied Nov. 17, 1942.

Application for Leave to File Second Petition for Rehearing Denied Dec. 8, 1942.

*131 P. 2d 73.*

Roscoe Bell, of Oklahoma City, for plaintiff in error.

Geo. A. Fitzsimmons, of Oklahoma City, for cross-plaintiff in error.

Everest & Halley and Twyford & Smith, all of Oklahoma City, for defendants in error.

BAYLESS, J. J. N. McGrath appeals and Julia Coakley cross-appeals from a judgment of the district court of Oklahoma county quieting title to real estate in James S. Twyford and others contrary to the contention of appellants.

The action was commenced by Carrie E. Aubrey and Martha J. Majors against certain known and the unknown heirs, etc., of Rebecca Jones and A. B. Jones and Francis Marion Jones, all deceased. Thereafter the scope of the issues and the parties defendant increased in breadth and number, the recital of which would not add to the opinion, but it is sufficient to say that at the beginning of the trial the active litigants and their issues were these: Carrie E. Aubrey and James S. Twyford and John H. Halley were claiming title to the land by virtue of conveyances from Martha J. Majors, an admitted daughter of Rebecca and A. B. Jones, deceased; Julia Coakley was claiming title to all or a substantial portion of the land through conveyances from heirs of the Joneses, deceased; J. N. McGrath claiming title by virtue of a tax sale deed issued to his grantor; and Wm. F. Vahlberg, county treasurer, ostensibly representing the lien of Oklahoma county for delinquent taxes.

The judgment rendered vested title in Twyford and Halley to seven-twelfths; Carrie E. Aubrey to one-fourth; and Julia M. Coakley to one forty-eighth, and certain others not necessary to mention to seven forty-eighths. McGrath and Coakley appeal.

Before proceeding further, we notice at once an argument made that the judgment erroneously cancels all delinquent taxes and special assessments and the liens therefor. We do not find express language in the judgment doing this. We do find that the judgment quiets title in those named against all other parties, which includes Vahlberg and his taxes and liens. It is obvious that the trial court could not cancel the delinquent taxes and special assessments or the liens. State ex rel. v. Board of County Commissioners, 166 Okla. 78,

25 P. 2d 1074. Twyford and Halley say the journal entry of judgment was not designed to cancel the delinquent taxes and does not do so. In any event, what we have said disposes of the issue.

The title of Twyford and Halley is based on conveyances from Martha J. Majors, now deceased. As stated, she was the daughter of the Joneses, now deceased, and she claimed by a deed from her parents. Coakley defended against this claim by a denial and by offering proof to show that such deed was never delivered, and that the Joneses died retaining possession of the deed and owning the real estate. The proof offered in support of the execution and delivery of the deed was ample, and we are unable to say that the judgment in favor of Twyford and Halley and against Coakley on this issue is clearly against the weight of the evidence. Coakley complains of the finding and conclusion of the trial court that "James Cookley," a party defendant in earlier litigation, was the same person under the rule idem sonans as "James Coakley," her grantor, and in ruling that the judgment in the earlier action was res adjudicata as to her. We see no occasion to go into the correctness of the ruling on idem sonans. The title that James Coakley had and conveyed to Julia Coakley was based on conveyances from reputed heirs of the Joneses. The finding and conclusion herein that the Joneses had conveyed this land before they died, which we have approved, destroys any claim of title James Coakley had; and Julia Coakley's opportunity in this action to litigate that issue removes the prejudice to her, if any, through the alleged erroneous ruling on res adjudicata on the basis of idem sonans. McGrath's attack on the title of Twyford and Halley was based on several grounds. We are of the opinion these attacks were technical rather than substantial, and we will not discuss them because of the view we take of the trial court's disposition of McGrath's claim of title. Before leaving behind the discussion of this aspect of the case, we observe that Aubrey, Twyford, and Halley have made no attack on the judgment insofar as it vests title to the interests in Julia Coakley and others, as above detailed.

Earlier there had been litigation over this property. See McGrath v. Majors, 179 Okla. 500, 66 P. 2d 915. The McGrath involved in that litigation was M. McGrath, a brother of J. N. McGrath involved in this action.

J. N. McGrath held certain tax sale certificates issued against the real estate involved and at one time during this litigation was in the process of attempting to procure a tax deed to the property. Then the Twyford interests asserted their claim to the property and sought to prevent the issuance of a tax deed to J. N. McGrath on the claim that he and his brother were privies and the judgment against M. McGrath in McGrath v. Majors, supra, was res judicata. Thereafter J. N. McGrath abandoned his efforts to obtain a tax deed, and set up claim of title based on a quitclaim deed from his brother, whose title was based on an earlier tax deed that was held void in McGrath v. Majors, supra. In his pleading he attacked the judgment in McGrath v. Majors, supra, as having been obtained by fraud and as being now ineffectual because the tender of the taxes made in that action was never performed.

The fraud charged against the prevailing parties in the earlier cases consists of this: That Martha J. Majors had at that time conveyed away substantial portions of her title, that she was not the only owner, and that others whose names and interests were concealed from the court were proper parties. As pointed out by Twyford, Majors was entitled to maintain the action on the basis of whatever fractional interest she owned and as a warrantor of the title to those to whom she had conveyed. We are unable to see any fraud in the charge made. It is not alleged or shown that prosecuting the action in the name of Majors when others were equally concerned resulted in any abuse of discretion, or in an improper result or to the unfair prejudice of anyone.

The failure to keep the tender good to the taxing authorities is not a legal

572

basis for setting aside the judgment. As pointed out above the court cannot cancel the taxes, etc., on the rolls and due to the county. The ruling of the trial court on this aspect of the case was correct.

It is clear that J. N. McGrath's title was based on the deed from his brother, and his brother's claim of title had been declared baseless. Therefore, J. N. McGrath had no standing in this action to attack anyone's title.

The judgment of the trial court is affirmed.

OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.