WILSON, Adm'x, et al. v. COATS et al.

No. 30452. Feb. 21, 1944.

*146 P. 2d 107.*

John F. Thomas and A. M. Reinwand, both of Lawton, for plaintiffs in error.

Burton & Harper and J. H. Cline, all of Lawton, for defendants in error.

BAYLESS, J. J. W. Coats, as owner, and E. O. Carlin, as mortgagee, sued T. J. Davis and certain county officials to quiet title to real estate, and being successful, Davis et al. appeal.

This brief statement will show the interest of the parties and the history. Coats owned the property, which is improved city property, and Carlin held a mortgage on it. The property sold at resale in 1938 to Comanche county, and

later in the year Davis secured a deed to the property from the county.

The action was then filed attacking the validity of the resale deed and asserting that the county obtained no title by virtue thereof, and consequently could not convey title to Davis.

Carlin attacked the validity of the resale deed because no notice was given to him, as the mortgagee. The trial court held against this contention, and Carlin did not appeal. This issue is thus eliminated.

Much of Coats' evidence and much of the argument in his brief attacks the integrity of the recorded copy of the resale deed to the county. In substance, this attack is based on the theory that the recorded copy, as it now appears, does not truly reflect the original resale deed (which is lost) and Coats endeavored to show that the present record copy was altered after being recorded or the present page has been substituted surreptitiously by someone interested in changing the record. The trial court made no finding on this, and, as we interpret the findings of fact made by the trial court, the integrity of the recorded copy was recognized. This action was equitable in nature and so is this appeal, by reason of which we must weigh the evidence. However, we may not reverse findings of fact unless clearly against the weight of the evidence, and we are not obliged in this appeal to make findings on issues raised by Coats where the trial court made no findings because Coats has not cross-appealed to complain of such failure to make findings. We accept the issues presented on the findings made and accept the integrity of the resale deed as now recorded because that appears to be what the trial court did.

This brings us to the consideration of the findings of fact and conclusion of law whereon the trial court based its judgment. The trial court made three findings of fact which we summarize as follows: (1) The two captions of the resale deed are diametrically opposite and serve to destroy each other and

leave the deed without a caption; (2) the resale deed does not, except as to the captions above treated, on its face disclose whether the city property was improved or not improved, whereby it could be determined whether, when and what amount the county could bid therefor; and (3) because of the foregoing it does not appear from the deed that the county had "an absolute right" to bid on the property. The conclusion of law is that because of these facts so found, the resale deed is void on its face and Coats was entitled to have his title quieted as against Davis.

There is one issue of fact presented by Coats in this connection that must be noticed before we proceed with the further discussion of this case. It appears that the county officials did not have blank forms of resale deeds prescribed by the State Examiner and Inspector to use as the form for conveying title to Comanche county following this resale. The record copy clearly shows, and the county officials so testified, that they took another form and altered it to conform to their notion of what the State Examiner and Inspector's form was. They testified that their notion on this subject was gathered from other deeds, from a text on Oklahoma tax law which they consulted, and the statutes. The trial court made no finding of fact on whether this deed did or did not conform to the State Examiner and Inspector's form. There is not in the records for purposes of comparison a form prescribed by the State Examiner and Inspector for deeds of this type, and we are unable to say that the deed before us does or does not conform to what he has prescribed. We are of the opinion that the burden was on Coats to show nonconformity if it existed, and that he has failed so to do.

This, then, leads us to the sole remaining and very narrow issue of whether the resale deed is void on its face for the reason stated by the trial court. The trial court quoted the portion of the deed which was considered to constitute the defect which rendered the deed void, and we quote the

portion of the deed set out in the finding of fact:

". . . No bidder offering or bidding the amount due upon said tract, lot or parcel of real estate offered for sale, the county treasurer of said Comanche county, Oklahoma, did bid off separately each tract, lot or parcel of land hereinafter described in the name of the county of Comanche, State of Oklahoma, for the sum set opposite thereto, the same being the amount of taxes, penalties, interest and costs due thereon."

The trial court rendered judgment to the effect that since it was impossible to tell from the face of this deed whether this was improved city property or vacant city property, it was not clear that the county did not enter into competitive bidding, which it was forbidden to do if the property was vacant city property and any bid was offered therefor. The trial court was of the opinion that the above recital that "no bidder offering or bidding the amount due upon said tract" would, in the instance of vacant city property, not be in conformity with the law because vacant city property could be bought by individuals, with one or more bidding, for less than the amount due if the bid whereon it was sold was the highest bid. In effect, the trial court held that the resale deed had to show affirmatively on its face that the property was improved or unimproved city property in order to determine whether the above recital was in conformity with the requirements of the law.

Coats urges that this is correct in the light of this court's decision in Mahoney v. Estep, 171 Okla. 101, 38 P. 2d 537. We are of the opinion that this cited case does not support Coats' view and the trial court's judgment, but in fact negatives the same. In that case a county official had altered a prescribed form to fit a resale of vacant property and in so doing omitted the recitation that the amount for which the vacant city lot sold was "the highest amount bid therefor." We held that there was no restriction on county officials altering inappropriate forms to make them appropri-

ate so long as they conformed, as altered, with the prescribed form of the State Examiner and Inspector. In that case, the issue then was whether the deed which disclosed that it covered a vacant city lot was void on its face for the omission of the above recital. We said:

"A resale tax deed must conform to the form prepared by the State Examiner and Inspector and recite that the property was sold for an amount equal to or greater than the amount of taxes, penalties, interest, and costs due on said tract of land, or, in lieu thereof, state that the property conveyed thereby consisted of a vacant lot located in a city or town."

We take the rule to be that a deed such as the one before us, which recites that no bidder offered the amount due on the property and that it was struck off to the county for the amount of the taxes, penalties, and costs due thereon, is valid on its face. Such a recital as the one just quoted is appropriate to the resale of improved city property.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

CORN, C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur.