G. A. NICHOLS, Inc., v. SIMPSON.
G. A. NICHOLS, Inc., et al. v. BONNEY.

Nos. 31262, 31263. April 4, 1944.

*147 P. 2d 437.*

82

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error.

Arnold T. Fleig, of Oklahoma City, for defendants in error.

HURST. These appeals involve title to lots in the town of Nichols Hills. The actions, which involve the same legal questions, were tried as companion cases in the lower court, and they have been briefed together. They involve the validity of resale tax deeds in favor of the plaintiffs based upon the 1941 tax resale. No. 31262 was commenced by O. L. Simpson to quiet title to one lot, while No. 31263 was commenced by W. C. Bonney to quiet title to some 40 lots in 11 different blocks. The defendant, G. A. Nichols, Inc., a corporation, the former owner of the lots, appeals from the judgments in favor of the plaintiffs. Morgan Cox, one of the defendants in cause No. 31263, owner of delinquent sewer warrants against some of the lots, also appeals.

1. The tax deeds involved in these cases are on the form prescribed by section 8 of the 1939 resale act, 68 O. S. 1941 § 432g. The defendants contend that the deeds are void on their face because they do not recite that the lots covered by the deeds are vacant lots in a city or town, or an addition thereto, or that they sold for as much as the minimum price for which all other property

may be sold as provided in 68 O. S. 1941 § 432d. The form prescribed contains no such recital. Defendants rely upon Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415; Mahoney v. Estep, 171 Okla. 101, 38 P. 2d 537; McGrath v. Majors, 179 Okla. 500, 66 P. 2d 915, and Deneen v. Gillispie, 180 Okla. 342, 70 P. 2d 1078. These cases are not in point. The Thompson Case involved a certificate tax deed, where the land was sold to the county at the delinquent tax sale for want of bidders, and it was held that the form prescribed by statute was intended for voluntary purchasers and not for a sale to the county by operation of law, and that the deed must recite the facts showing that the county was not a competitive bidder and the right of the county to purchase. The other cases involved resale tax deeds that should have been on the form prescribed by the State Examiner and Inspector, and they did not conform thereto by reciting that the lots sold for the total amount of taxes, etc., due or that they were vacant lots.

In order to avoid the difficulties encountered under the prior laws, the 1939 Legislature for the first time prescribed a form of resale tax deed. 68 O. S. 1941 § 432g. The form thus prescribed was intended to cover all resale tax deeds, whether to the county or to an individual purchaser, and whether vacant lots in a city or town, or addition thereto, or other property. The Legislature has the right to prescribe a tax deed form, and when a deed, issued pursuant to a tax resale held under the 1939 resale act, conforms to the statutory form, it will not be held void on its face. Three-in-One Oil & Gas Co. v. Bradshaw, 192 Okla. 309, 135 P. 2d 992. The defendants do not contend that any of the lots involved are improved so that they had to sell for the minimum price referred to in 68 O. S. 1941 § 432d.

2. The defendants contend that the 1941 resale, under which plaintiffs claim title, is void because the 1936 delinquent tax sale, on which the resale was based, is void, and that the delinquent tax sale is void for two reasons, (1) because the

assessments on which the sale was based are void, and (2) because the property was not described in the notices of delinquent tax sale. It is not contended that the 1941 resale notice is defective.

The townsite of Nichols Hills was duly platted in 1929. It lies just north of Oklahoma City, in Oklahoma county. Several additions to the original townsite have been subsequently platted. It is now an incorporated town and is known as "Nichols Hills." Most of the additions thereto are a part of the incorporated town. There is but one Nichols Hills town or townsite platted in Oklahoma county. There is no addition to Oklahoma City or to any other city or town in Oklahoma county known as "Nichols Hills." There are no duplications of blocks in Nichols Hills and the additions thereto.

The evidence is that the lots involved in these cases along with many others in Nichols Hills were assessed and extended on the tax rolls for 1931 and for the subsequent years in the name of G. A. Nichols, Inc., as owner. From 1931 to 1936 the property in Nichols Hills was listed on the assessment rolls and the tax rolls as "Nichols Hills Add" or as "Nichols Hills Addition," without specifying to what city or town it was an addition. In 1936, and the subsequent years, it was listed simply as "Nichols Hills." In 1935, 1937, and 1939, G. A. Nichols, Inc., voluntarily listed the property involved in this case for taxation as being in Nichols Hills addition.

The caption to the 1936 delinquent tax sale notice as published contains this paragraph: "Except as otherwise indicated the following described real estate is situated in Oklahoma City, Oklahoma." Then preceding the description of the lots in Nichols Hills was the words "Nichols Hills Add.," without stating whether Nichols Hills was a separate town or an addition to some city or town.

The defendants argue, from the foregoing facts, that "a sale of property in one municipality based upon an original sale of property described as being lo-

cated in another municipality must necessarily be void," and cite in support of such argument Gilbert v. Conservative Loan Co., 138 Okla. 1, 280 ·P. 278, 67 A. L. R. 885, and Moore v. Barker, 186 Okla. 312, 97 P. 2d 776. These cases do not help defendants. In the first case the land involved was located in section 5, township 8, range 3. It was described in the tax sale notice as being in section 5, range 8, township 3, thus transposing the township and range numbers and clearly describing a different tract of land. In Moore v. Barker, above, some of the lots sold at resale were entirely left out of the delinquent tax sale notice.

We think this case is governed by our decisions in Medaris v. Tracey, 170 Okla. 113, 39 P. 2d 30, Street v. Board of Com'rs of Cotton County, 180 Okla. 177, 68 P. 2d 514, and Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848. The property involved in Medaris v. Tracey was described as being in "Pryor's Elm Grove Addition" in Oklahoma county without stating to what city or town it was an addition. The description was held sufficient to support the tax sale on the theory that "while this description is not certain, it is capable of being made certain." The property involved in the Street Case was located in block 82 of "Walters Addition" to the city of Walters. The notice of tax sale described it as being in block 82 of "Original Walters." There were but 48 blocks in the original townsite of Walters. The notice was held sufficient to support the tax sale. The tax sale notice in the Chamberlain Case did not recite that the land was in Dewey county. The notice was held sufficient on the theory that it was "such as to enable the owner and the prospective purchaser to locate, with substantial certainty, the land to be sold," and was not "so confusing as to be calculated to mislead a person of average intelligence." Our decisions on this question are in harmony with those of other courts. 137 A. L. R. 184, at 191, note.

Here, the description was capable of being made certain and was made cer-

tain by proof that there is no "Nichols Hills Addition" to Oklahoma City or any other city or town in Oklahoma county and that the lots involved in this case are the only lots in Oklahoma county that would fit the description as given on the assessment rolls, the tax rolls, and the delinquent tax sale notice. The description was not such as to be calculated to mislead a person of average intelligence. The defendant, G. A. Nichols, Inc., could not have been misled, since it listed the lots for taxation, and the evidence discloses that it had at various times paid taxes on certain lots in the various blocks in which the lots here involved were situated.

It follows that the assessments and notice of delinquent tax sale were not void as to the lots involved in these cases. The defects referred to amount only to irregularities, and, under the plain terms of 68 O. S. 1941 § 432h, we are without authority to invalidate the sale by reason of such irregularities.

Affirmed.

CORN, C.J., and RILEY, OSBORN, and BAYLESS, JJ., concur. GIBSON, V.C.J., and WELCH, J., concur in conclusion. DAVISON, J., dissents.