WHITEHEAD et al. v. TUCKER.

No. 29913.   April 10, 1945.

*158 P. 2d 338.*

McCollum & McCollum, of Pawnee, for plaintiffs in error.

J. E. Whitehead, of Vinita, pro se.

Lee Johnson and Carl McGee, both of Pawnee, for defendant in error.

Edwin R. McNeill, of Pawnee, amicus curiae.

DAVISON, J.   This cause is presented on appeal from the district court of Pawnee county.   It was instituted in that court on October 17, 1938, by J. A. Tucker, as plaintiff, against Julia Whitehead and L. W. Adkins, as defendants.   Later J. E. Whitehead was made a party defendant by order of the trial court.

In his petition plaintiff asserted ownership of a quarter-section of land and sought to obtain possession thereof and to quiet his title to the same.  · He also sought to recover the rental value of the land in the sum of $100 and damages for the wrongful detention of the land in the sum of $100.   Plaintiff's alleged ownership and his asserted right to possession of the land in question rested upon a resale tax deed executed to him by the county treasurer of Pawnee county, on April 26, 1938. In the trial of the case to the court without a jury, the plaintiff prevailed.

Julia Whitehead, J. E. Whitehead, and L. W. Adkins, plaintiffs in error in this court and defendants before the trial court, assert the invalidity of the resale tax deed.   They claim that in the notice preceding the resale the land was not properly described.   They say that although the land was located in range 6, the printing company which published the notice failed to so indicate.   In support of this position defendants introduced in evidence 70 copies of the printed resale notice from which it appears that the range number was somewhat blurred; however, the trial court by its general judgment found and determined that the same was readable and declined to declare the tax deed void.   Our re-examination of the proof fails to disclose any error in the determination of the trial court on this point.   We regard the printing as legible and so hold.

In the case of Chamberlain v. Davis, 191 Okla. 457, 130 P. 2d 848, we said in paragraph 1 of the syllabus:

"Under a statute directing the county treasurer to publish a resale notice containing the 'description of the real estate to be sold,' the description will be held sufficient if it is such as will enable the owner and prospective purchaser to identify and locate the land to be sold with substantial certainty, and if it is not calculated to mislead. . . ."

We are of the opinion and hold that the description of land contained in the printed notice of resale herein presented was sufficient to warn the defendants and to advise prospective purchasers that the land involved in this case was about to be sold for taxes. Chamberlain v. Davis, supra.

Plaintiffs in error also complain that the deed was invalid because of the failure to sell the land for unpaid taxes for 1937. The resale in this case occurred in April of 1938 and covered the delinquent taxes from 1931 to 1936, inclusive. Under our statutes the taxes for 1937 were then due and payable; however, the last quarter of such taxes were not yet delinquent. Section 12719, O.S. 1931, amended by House Bill 151, S.L. 1933 (S.L. 1933, pg. 156) 68 O.S. 1941 § 351.

In Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587, it was decided by this court that the failure of the county treasurer to sell at resale for all of the taxes due against property constituted a mere irregularity as distinguished from a defect, and that a resale deed could not be avoided on that ground. Under Bramble v. Caywood, supra, we must and do hold that the failure of the county treasurer to sell for taxes which became due in 1937 did not render the resale tax deed invalid or voidable.

Defendants complain that the notice of resale was void and of no effect because of the manner in which it was drafted. Complaint is made of the caption of the notice which reads "list of delinquent taxes." However, we observe that across the top of the paper there is printed in bold type, "List of

Pawnee County property subject to resale for delinquent taxes on April 18, 1938."

The statutory requirements respecting a notice of resale are prescribed by 68 O.S. 1941 § 432, formerly 12754, O.S. 1931. An examination of the notice before us in the light of our statutory provisions fails to reflect any deficiency in the notice which would constitute a ground for avoiding a sale of real estate described in connection with the notice.

We decline to declare the sale void or voidable by reason of any alleged deficiency in the notice of resale.

Defendants also assert that the "resale tax deed was void upon its face because it failed to recite that the treasurer purchased the land at delinquent sale because there were no others offering the amount of taxes due." In support of this position reliance is placed upon Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415. An examination of that case discloses that the tax deed then before this court was a certificate deed.

The case of Hatchett v. Going, 121 Okla. 25, 246 P. 1100, is more clearly in point. The tax deed in that case was a resale deed. Like the deed in the case at bar it did not include the recitation herein urged to be important. In spite of the absence of such recitation, we declared the deed sufficient. Notice, also, Reeves v. Caldwell, 179 Okla. 501, 66 P. 2d 75; Davis v. Fariss, 180 Okla. 125, 68 P. 2d 417; Strauss v. Thompson, 180 Okla. 506, 71 P. 2d 994; McNaughton v. Beattie, 181 Okla. 603, 75 P. 2d 400; Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846, and Mahoney v. Estep, 171 Okla. 101, 38 P. 2d 537.

In view of the type of deed presented in the case at bar, we are disposed to follow our decision in Hatchett v. Going, supra, and in accord with that case hold that the recital herein urged to be essential to the validity of the resale deed is unnecessary.

Other arguments are made in the briefs, which upon consideration we deem unnecessary to discuss.

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur. GIBSON, C.J., concurs in syllabus 1, 3, and 4, but dissents as to syllabus 2.