ELLIOTT et al. v. HUNT.

No. 32360. Sept. 24, 1946.

*172 P. 2d 804.*

L. A. Winans, of Duncan, for plaintiffs in error.

Jerome Sullivan, of Duncan, for defendant in error.

PER CURIAM. This is an action to quiet title, brought by the plaintiffs, Asa Elliott and Bert Wininger, holders of a county commissioner's deed to the land involved, against defendant, K. G. Hunt, former owner of the land, and others. The trial court rendered judgment for defendant, Hunt, adjudging him to be the owner of the land, and holding that the county deed to plaintiffs, and the resale tax deed conveying the land to the county, were void, and canceling them. Plaintiffs appeal,.

The case was tried upon an agreed statement of facts, and the testimony of the tenant in possession of the property.

Plaintiffs' sole contention is that the trial court erred in denying their motion for judgment at close of all the evidence. They assert that the resale deed to the county was sufficient to vest title in the county, and that the county deed to them was sufficient to vest them with title. In their brief they say:

"The validity of the proceedings culminating in the resale deeds is contested by defendants only on the ground that the county treasurer 'did not advertise that he would offer to sell less than the whole of the tract for all of the taxes due against the whole tract and did not at the time of the sale offer less than the whole of the tract for all of the taxes due against the whole tract.'"

In view of this statement, we will call attention to, and dispose of, the various contentions of defendant as to the invalidity of the resale deed to the county, and the county deed to plaintiffs.

Defendant calls attention to a mis-

description in a copy of the resale deed to the county as it appears in the record, and says he does not know whether such misdescription is due to a mistake of the reporter or whether it occurs in the original, and that the deed "may be" void. But in the agreed statement of facts on which the case was tried it was stipulated that the deeds upon which plaintiffs relied for title covered the "property involved in this action". That agreement is binding on defendant, and he may not now assert that the deed "may not" correctly describe the land.

Defendant contends that the resale deed is void because it does not recite that there were no other bidders on the property at the resale when the property was bid in by the county treasurer, citing Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415. This contention is untenable. In Whitehead v. Tucker, 195 Okla. 355, 158 P. 2d 338, we called attention to the fact that the tax deed before the court in Thompson v. Yates, supra, was a certificate deed, and expressly held that a resale tax deed which failed to recite that the treasurer purchased the land at delinquent sale because there were no others offering the amount of taxes due, was not void on its face.

Defendant contends that both the original tax sale and the resale were invalid, and that no title to the land was acquired by the county, for the reason that at each sale the county treasurer failed to comply with 68 O.S. 1941 § 384, which provides that the person who offers to pay the amount of taxes due on any parcel of land for the smallest portion thereof is to be considered the highest bidder.

In view of the fact that defendant, as to both the original sale and the resale, expressly stipulated and agreed that the land was bought in by the county "for want of bidders", we are unable to see how defendant was injured, or the sale rendered invalid, by the failure of the treasurer to offer the land in subdivisions. The statute does not require the county treasurer to advertise that he will offer the land in subdivisions, or that he so offer it if there are no bidders.

In Johnson v. High, 193 Okla. 105, 141 P. 2d 583, we said:

"68 O.S. 1941 § 384 has no application where the county is forced to bid in the tract".

We think this statement correct as to both the original sale and the resale.

As a last proposition, defendant asserts that the trial court, by its judgment, found that defendant was in possession of the property. The undisputed evidence established that the tenant in possession attorned to plaintiffs, and paid them rentals for 1942 to 1945, inclusive, and that plaintiffs had paid all taxes due after they purchased the property. Judgment was rendered on March 19, 1945, and in the journal entry no specific finding as to possession was made, but the trial court found that plaintiffs had collected the rents, and deducted them from the taxes owing by defendant.

From the record it appears that plaintiffs sufficiently established their title to the land involved, and their possession thereof, and the judgment of the trial court is clearly against the weight of the evidence.

Reversed, with instructions to render judgment for plaintiffs.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.