The FEDERAL LAND BANK OF WICH-
ITA, now Farm Credit Bank of Wichita,
Plaintiff/Appellant,

v.

AMERICAN BANK & TRUST COMPANY
and Bill O. Rollings,
Defendants/Appellees,

Bill D. Mitchell, June A. Mitchell, County
Treas. of Rogers Co., Oklahoma, and
the Board of County Commissioners of
Rogers County, Oklahoma, Defendants.

No. 70936.

Supreme Court of Oklahoma.

Oct. 22, 1991.

As Corrected Nov. 19, 1991.

Reeves & Bryant, Oklahoma City, Rus-
sell D. Peterson, Broken Arrow, for appel-
lant.

Rodney A. Edwards, Robert S. Erickson,
Jones, Givens, Gotcher, Bogan & Hilborne,
Tulsa, for appellee, American Bank &
Trust Co.

James R. Gotwals, Tulsa, for appellee,
Bill O. Rollings.

SIMMS, Justice:

Federal Land Bank of Wichita (FLB),
appeals summary judgment entered by the
district court in favor of appellees, Ameri-

can Bank & Trust Company (American) and Bill O. Rollings. The trial court determined that FLB received adequate notice of a tax resale of property in which FLB had a secured interest. The Court of Appeals affirmed, and certiorari was granted to consider whether the notice mailed to FLB was adequate under 68 O.S.Supp.1984, § 24331, the statute providing for notice of tax resales to mortgagees of record. Because we hold that the notice did not comply with the requirements of § 24331, we vacate the opinion of the Court of Appeals and reverse the judgment of the district court. The facts are undisputed.

Bill and June Mitchell made a promissory note to FLB in order to purchase a home in Rogers County. Contemporaneously therewith, the Mitchells executed a first mortgage on the property to secure payment of the note, and FLB properly filed and recorded the mortgage according to law. Subsequently, the Mitchells executed a second mortgage on the property to American to cover another loan.

Beginning in 1983 and continuing through the year 1986, the Mitchells failed to pay the ad valorem taxes due on the subject property. As a result, the Rogers County Treasurer offered the property at a tax sale and bid it off in the name of Rogers County when there were no bids.[1]

No further action occurred until after the two year redemption period had lapsed. Neither the owners nor the mortgagees came forward to redeem the property, and the treasurer offered it for tax resale. Before selling the property for delinquent taxes, the treasurer was obligated to give actual mailed notice of the resale to the owner of record and any mortgagees of record under 68 O.S.Supp.1984, § 24331. Section 24331 provides, in pertinent part:

"The county treasurer shall give notice of the resale of such real estate by publication of said notice once a week for four (4) consecutive weeks preceding such sale, in some newspaper, having been continuously published one hundred four (104) consecutive weeks with admission to the United States mails as second class mail matter, with paid circulation and published in the county where delivered to the mails, to be designated by the county treasurer; ... Such notice shall contain a description of the real estate to be sold, the name of the owner of said real estate as shown by the last tax rolls in the office of the county treasurer, the time and place of sale, a statement of the date on which said real estate was sold to the county for delinquent taxes, the year or years for which taxes have been assessed but remain unpaid and a statement that the same has not been redeemed for the period of two (2) years from the date of sale, the total amount of all delinquent taxes, costs, penalties and interest accrued, due and unpaid on the same, and a statement that such real estate will be sold to the highest bidder for cash.... *The county treasurer shall, at least thirty (30) days prior to such resale of real estate, give notice by certified mail, by mailing to the owner of said real estate, as shown by the last tax rolls in his office, and to all mortgagees of record of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold.... Neither failure to send notice to any mortgagee of record of said real estate nor failure to receive notice as provided for by this section shall invalidate the resale, but the resale tax deed shall be ineffective to extinguish any mortgage on said real estate of a mortgagee to whom no notice was sent....*" (Emphasis added)

Pursuant to the requirements of this provision, the treasurer mailed a "notice" to FLB by certified mail, and on April 7, 1987, FLB received the notice which was in the form of a document entitled "Delinquent Tax Statement."[2] The statement con-

---

1. For brevity, the specific statutes which authorize the actions of the county treasurer in conducting a tax sale and resale are omitted. These statutes can be found at 68 O.S.1981, §§ 24311 to 24337.

2. The purported notice is numbered exhibit "A", attached hereto and made a part of this opinion.

tained the following: (1) a handwritten description of the real property; (2) a handwritten itemization of past-due ad valorem taxes on the property for the years 1983 through 1986; (3) the handwritten name and mailing address of Bill D. Mitchell; (4) FLB's name, address and loan number; (5) the name and mailing address of the treasurer; (6) the date of the notice (March 31, 1987); (7) the name of the deputy sending the notice; and, (8) a statement printed in standard size type at the lower right hand corner of the notice which read

"This property will be advertised in May & will be sold at Public Auction on June 8, 1987 at 9:00 a.m. in the Rogers Co. Treasurer's office, Rm. 1–101 Rogers Co. Courthouse."

Soon thereafter, the treasurer published a "Notice of Resale of Real Estate for Taxes" in a newspaper of general circulation per the publication notice requirements of § 24331. At the resale, Rollings purchased the property and subsequently received a resale tax deed covering the real estate from the county treasurer.

On the day following the issuance of the deed, FLB filed a petition against the Mitchells to foreclose its mortgage lien on the property. FLB also named the Rogers County Treasurer, the Board of County Commissioners of Rogers County, and American as defendants on the grounds that they each claimed some right, title or interest in the property. These defendants answered, asserting that Rollings' resale tax deed extinguished FLB's lien under statute. FLB then added Rollings as a party to the action and filed a motion to declare the notice statute, § 24331, unconstitutional as not providing adequate notice of the resale to FLB.

The trial court heard argument on summary judgment motions filed by Rollings and American, and agreed that FLB's interest was extinguished by the resale tax deed. The trial court further denied FLB's summary judgment motion and held both § 24331 and the actual notice given met constitutional requirements. FLB perfected this appeal for review of the summary judgment rulings.

On review, the Court of Appeals held that based on *Luster v. Bank of Chelsea,* 730 P.2d 506 (Okla.1986), *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the notice received by FLB was "reasonably calculated under the totality of the circumstances to apprise [FLB] of the pending resale." In doing so, the court determined that § 24331 does not specifically require the word "resale" to appear on the notice and that the notice provided to FLB went beyond the notice requirements of § 24331. Further finding that the circumstances should have alerted FLB that this was a tax *resale* rather than a tax *sale,* the court concluded that FLB received adequate notice.

■ Initially, we note that the failure of FLB to receive the statutory notice does not invalidate the resale tax deed, but rather, renders it ineffective to extinguish FLB's mortgage. 68 O.S.Supp.1984, § 24331. Thus, the question before us is whether the notice received by FLB was adequate under § 24331 to extinguish the mortgage interest. We hold that it was not sufficient to satisfy the notice requirements of § 24331.

The document was entitled "Delinquent Tax Statement," and the bulk of information listed upon it concerned the delinquent taxes. At first glance, there is nothing to indicate that it is anything more than a statement of overdue taxes. The only portion of the document which even remotely concerns a tax resale is the typewritten statement that the property will be advertised and sold at a certain time and place. However, this statement contains no indication whatsoever that the pending sale is a *tax resale.*

In *Whitehead v. Tucker,* 195 Okla. 355, 158 P.2d 338 (1945), this Court applied 68 O.S.1941, § 432, which is the predecessor statute to § 24331. Therein, we considered whether a mandated publication notice met the requirements of the statute. One of the appellant's complaints in *Whitehead* was that the caption of the notice read "list

of delinquent taxes." We dismissed this contention because our review of the notice indicated that across the top of the paper was typewritten the phrase "list of Pawnee County property subject to resale for delinquent taxes on April 18, 1938." The Court held that under § 432, such notice did not contain any deficiency which would constitute a ground for avoiding the resale.

Such is not the case in the notice provided to FLB. It's heading merely read "Delinquent Tax Statement," and it contained no other language in the caption or the notice to suggest that it was notice of a tax resale of the subject property.

■ American and Rollings counter this point by arguing that § 24331 does not specifically require the word "resale" to be used in the notice. However, the plain language of the statute mandates "notice stating the time and place of *said resale.*" This language indicates that the notice must show that the sale which is to occur is a tax *resale.* We must presume that the legislature intended for the notice to indicate that the sale was a resale because that is what the statutory language expresses. *Humphrey v. Denney,* 757 P.2d 833, 835 (Okla.1988).

The notice given to the public by publication in a newspaper of general circulation was entitled "NOTICE OF RESALE OF REAL ESTATE FOR TAXES" even though § 24331 does not specifically require the word "resale" to appear in that notice. We conclude that no manner of notice is more clear that a tax resale is to occur than by stating that the pending sale is one for resale and § 24331 requires a specific indication that the pending sale is a tax resale.

Since the statement mailed to FLB conveyed no information as to the nature of the pending action, we hold that it was insufficient notice of tax resale to FLB under § 24331. Just as the purpose of publication notice in the predecessor statute to § 24331 was to "warn the owner that his property is to be sold so that he can prevent sale by paying his taxes," *Eckels v. Krober,* 198 Okla. 625, 181 P.2d 268,

269 (1947), so too is the purpose of mailed notice to a mortgagee of record in § 24331 to warn the mortgagee that the property is subject to resale so that the mortgagee can take steps to protect its interest. FLB did not receive adequate notice to warn it of the pending resale, and should not be bound by the consequences of the resale.

American and Rollings further contend that the circumstances of this case should have alerted FLB to the fact that the property was about to be sold at a resale. They claim that FLB is a "sophisticated creditor," well versed in the laws concerning ad valorem taxes and tax sales and that this knowledge, together with the information contained within the "Delinquent Tax Statement," were sufficient to place FLB on notice. Regardless of FLB's sophistication, the fact remains that the notice did not comply with the notice statute. Lack of adequate notice, in this instance, is tantamount to no notice, and FLB's knowledge and experience bears little significance upon the case where the document failed to advance the purpose of notice spelled out in § 24331.

The purported notice mailed to FLB in this case was insufficient under the requirements of the notice statute, § 24331. As such, FLB's mortgage is not extinguished by the resale tax deed issued by the Rogers County Treasurer to Rollings. Moreover, because the notice was inadequate under the applicable statute, we need not address the constitutional questions posed by the parties.

Accordingly, the opinion of the Court of Appeals is VACATED, and the judgment of the district court is REVERSED and REMANDED for further proceedings not inconsistent with this decision.

OPALA, C.J., and DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

HODGES, V.C.J., concurs in part, dissents in part.

LAVENDER and HARGRAVE, JJ., dissent.

EXHIBIT A

Loy C. Boyd
Rogers County Treasurer
Bus 918 341-3180
Claremore, OK 74017

OFFICE OF
ROGERS COUNTY TREASURER
DELINQUENT TAX STATEMENT

DATE:
DEPUTY:

| DESCRIPTION | SEC. OR LOT | TWP. | RANGE OR BLOCK | TAX | PENALTY | COSTS | TOT. |
|---|---|---|---|---|---|---|---|
| | | 33 | 14 | 538 | 321 | | 859 |
| | | | | 610 | 957 | | |
| | | | | 793 | | 3555 | |
| | | | | 3331 | | | |

Total to Remit $

This property will be advertised in May & sold
at Public Auction on June 8, 1987 at 9:00 a.m.
In the Rogers Co. Treasurer's Office, Rm.1-101
Rogers Co. Courthouse.

TO: